**COMMONWEALTH of Pennsylvania, Appellee**

v.

**EYIWUNMI AKINSANMI, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2012.
Filed Oct. 17, 2012.
Reargument Denied Nov. 29, 2012.

Eyiwunmi Akinsanmi, appellant, pro se.

BEFORÈ: STEVENS, P.J., BENDER, J., and WECHT, J.

OPINION BY WECHT, J.

Eyiwunmi Akinsanmi ["Appellant"] appeals from an April 2, 2012 Order dismissing her summary appeal. We affirm.

On December 10, 2011, Appellant received a traffic citation for parking where prohibited by sign in Schenley Park in

Pittsburgh. Traffic Citation, 12/14/11.[1] On January 13, 2012, Appellant was found guilty of the offense by a magisterial district court. Traffic Docket at 2. On February 6, 2012, Appellant filed a notice of appeal from the summary conviction. A *de novo* hearing before the Court of Common Pleas was scheduled for April 2, 2012. Appellant did not appear for the hearing. Order, 4/2/12. The appeal was dismissed, and judgment was entered for the Commonwealth pursuant to Pa.R.Crim.P. 462(D), discussed *infra.* On April 30, 2012, Appellant filed a notice of appeal with this Court.[2]

 Appellant challenges the sufficiency of the evidence. Appellant's Brief at 2. However, because the trial court dismissed her appeal for failure to appear, we must review the court's dismissal. Our standard of review from an appeal of a summary conviction following *de novo* trial is whether there was an error of law or whether the findings of the court are supported by the record. *Commonwealth v. Marizzaldi,* 814 A.2d 249, 251 (Pa.Super.2002). The trial court's verdict will only be disturbed if there was a manifest abuse of discretion. *Id.*

 Appellant argues that the December 10 ticket was improperly issued because there was a boot on her car at the time and the car was no longer in her control. Appellant contends that she did everything she could to get the boot off, but was unable to do so before December

13. Appellant does not address her failure to attend the April 2 hearing except to say, in the last sentence of her argument, that she was unable to return from a research conference in time to attend the hearing. Appellant's Brief at 2–4.[3]

The Commonwealth contends that the trial court has the authority to dismiss the summary appeal when the defendant is absent without cause. The Commonwealth alleges that Appellant's absence was due to a scheduled and known commitment, which distinguishes it from those cases where a defendant was unable to attend a summary hearing due to unforeseen circumstances. Therefore, the Commonwealth asserts, dismissal was appropriate. Appellee's Brief at 4–9.

Rule 462 sets forth the procedure for a *de novo* trial as an appeal from a summary conviction. In pertinent part, it provides:

> If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462(D).

 When a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. *Commonwealth v. Slomnicki,* 773 A.2d 216, 218 (Pa.Commw.2001). Conversely, when good cause for the absence is shown, a new trial should be granted. *See Marizzaldi,* 814 A.2d at 251, 253 (where appellant arrived ten minutes late

---

1. The ticket was issued on December 10, 2011, but date stamped on December 14, 2011.

2. The trial court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b).

3. We note that Appellant's brief does not fully conform to the appellate rules. Specifically, the brief is lacking a statement of jurisdiction

(Pa.R.A.P. 2114), the order in question (Pa. R.A.P. 2115), a statement of the questions involved (Pa.R.A.P. 2116), or a summary of the argument (Pa.R.A.P. 2118). Appellant also cites no legal authority in her argument. However, procedural defects can be overlooked in relatively straightforward issues where the parties and trial court address the merits. *Commonwealth v. Laboy,* 594 Pa. 411, 936 A.2d 1058, 1060 (2007).

due to missing bus and tardiness was not voluntary, appellant should have been given opportunity to present case); *Commonwealth v. Mesler*, 732 A.2d 21, 25 (Pa. Commw.1999) (where appellant's counsel was present and represented that appellant was on way, appeal should not have been dismissed); *Commonwealth v. Doleno*, 406 Pa.Super. 286, 594 A.2d 341, 343–44 (1991) (where appellant's attorney told appellant wrong date, absence was not voluntary; good cause shown).

In the instant case, Appellant did not appear for her hearing. This was not a case of a voluntary absence, nor was it due to unforeseen circumstances. Appellant was attending a research conference. She does not explain why she did not seek a continuance given the scheduled conflict with her hearing. She does not offer any good cause for missing her hearing, other than being at a conference. This is not a good cause, an involuntary absence, or an unforeseen circumstance. The trial court properly dismissed the case upon Appellant's failure to appear. We find no error in that action.

Order affirmed. Jurisdiction relinquished.