J-S29035-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARY ANN PUCCI, | : | |
| | : | |
| Appellant | : | No. 1818 WDA 2014 |

Appeal from the Order Entered October 8, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No.: CP-02-SA-0001769-2014

BEFORE:    PANELLA, MUNDY, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:          **FILED JULY 16, 2015**

Mary Ann Pucci (Appellant) appeals *pro se* from the October 8, 2014 order which dismissed her summary appeal and entered judgment against her after she failed to appear at her summary appeal hearing.  We affirm.

Appellant was cited for disorderly conduct as a result of an incident on June 7, 2014, wherein Appellant, *inter alia*, shouted obscenities at police officers and her neighbors following the arrest of her son and nephew.  On July 14, 2014, Appellant was found guilty of the aforementioned offense by a magisterial district court.  Appellant filed an appeal, and a *de novo* hearing before the Court of Common Pleas of Allegheny County was scheduled for October 8, 2014.  Appellant did not appear for the hearing.  Consequently, the trial court dismissed the appeal and entered judgment against Appellant pursuant to Pa.R.Crim.P. 462(D). This timely appeal followed.

*Retired Senior Judge assigned to the Superior Court.

> Our standard of review from an appeal of a summary conviction following *de novo* trial is whether there was an error of law or whether the findings of the court are supported by the record. The trial court's verdict will only be disturbed if there was a manifest abuse of discretion.

***Commonwealth v. Akinsanmi***, 55 A.3d 539, 540 (Pa. Super. 2012) (citation omitted).

If a defendant fails to appear for a *de novo* summary trial, "the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(D). The comment to Rule 462 explains that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*." Pa.R.Crim.P. 462, cmt. Thus, "[w]hen a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. Conversely, when good cause for the absence is shown, a new trial should be granted." ***Akinsanmi***, 55 A.3d at 540 (citations omitted).

Although Appellant acknowledges in her brief that her appeal was dismissed because she failed to appear at the summary appeal hearing, Appellant fails to provide any explanation for her absence. Because Appellant has failed to establish good cause for her failure to appear, she is not entitled to relief. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 7/16/2015