J-S44025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN ANTHONY NOWAKOWSKI | |
| Appellant | 3 WDA 2015 |

Appeal from the Judgment of Sentence December 3, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-SA-0000138-2014

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 15, 2015**

John Anthony Nowakowski (Appellant) appeals from the December 3, 2015 judgement of sentence of the Court of Common Pleas of Fayette County (trial court), entered after Appellant failed to appear for a trial *de novo* after he appealed from a summary conviction.  Upon review, we affirm.

Appellant was issued a non-traffic citation on June 6, 2014 for intentionally damaging the property of another individual.  Appellant failed to appear for his trial before the magisterial district court.  At the rescheduled trial, Appellant once again failed to appear, and the Magisterial District Judge entered a summary conviction for criminal mischief[1] against Appellant. Appellant appealed to the trial court, and a jury trial *de novo* pursuant to

_____

[1] 18 Pa.C.S.A. § 3304(a)(5).

Pa.R.Crim.P. 462(A) was scheduled for December 3, 2014. When Appellant failed to appear for the December 3, 2014 trial, the trial court dismissed Appellant's appeal and reinstated the sentence imposed by the Magisterial District Judge pursuant to Pa.R.Crim.P. 462(D).

On December 31, 2014, Appellant filed a timely notice of appeal. On January 2, 2015, the trial court issued an order directing Appellant to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925. On January 26, 2015, the trial court issued an order stating that Appellant had failed to file a Rule 1925(b) statement and, therefore, had waived all issues and his appeal should be dismissed. Upon review of the record, we agree.

Our standard of review for an appeal of a summary conviction following *de novo* trial is whether an error of law has been committed and whether the findings of fact are supported by the record. **Commonwealth v. Eyiwunmi Akinsanmi**, 55 A.3d 539, 540 (Pa. Super. 2012). "The trial court's verdict will only be disturbed if there was a manifest abuse of discretion." **Akinsanmi**, 55 A.3d at 540 (internal citation omitted). When an appellant does not appear for a summary appeal, dismissal of the appeal is proper unless the appellant can show good cause for the absence. **Id.**; **see** Pa.R.Crim.P. 462(D).

In the instant case, we need not address whether the trial court erred by dismissing Appellant's appeal, because it is well-settled that "[i]n order to preserve their claims for appellate review, [a]ppellants must comply

whenever the trial court orders them to file a [Rule 1925(b) statement]. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 308-09 (Pa. 1998)); ***see*** Pa.R.A.P. 1925(b)(4)(vii). Instantly, Appellant failed to comply with the trial court's January 2, 2015 order to file a 1925(b) statement. Accordingly, Appellant failed to preserve any issues for appeal.

Appellant also failed to comply with the Pennsylvania Rules of Appellate Procedure as they relate to briefing. ***See, e.g.,*** Pa.R.A.P. 2115, 2116(a), 2117, 2118, and 2119; ***see also Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa. Super. 1998) ("We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citations omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015

- 3 -