J-S44036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LUNDES GARRETT, | : | |
| | : | |
| Appellant | : | No. 3491 EDA 2015 |

Appeal from the Judgment of Sentence October 22, 2015
in the Court of Common Pleas of Monroe County,
Criminal Division, No(s): CP-45-SA-0000072-2015

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 29, 2016**

Lundes Garrett ("Garrett"), *pro se*, appeals from the judgment of
sentence entered following his conviction of the summary offense of not
obtaining a construction permit as required under 34 Pa. Code § 403.62,[1] a
violation of the Pennsylvania Construction Code Act ("the Code").[2]  We
affirm.

The trial court summarized the facts underlying the instant appeal as
follows:

> [Garrett] resides at 127 Rose Drive in Chestnuthill Township,
> Saylorsburg, PA.  Terrence O'Connor ["O'Connor"], [Garrett's]
> neighbor across the street at 126 Rose Drive, testified that
> [Garrett] was running a generator on his property for 24 hours a

---

[1] Section 403.62 provides, in relevant part, that "[a]n owner or authorized
agent who intends to … install, …alter, … convert or replace an electrical …
system regulated by the … Code shall first apply to the building code official
and obtain the required permit under § 403.62a (relating to permit
application)."  34 Pa. Code § 403.62.

[2] ***See*** 35 P.S. §§ 7210.101-7210.1103.

day, seven days a week[,] beginning the July 4th weekend of 2014. This went on for about a year. [] O'Connor testified that it appeared [that Garrett] was running the generator to provide electricity to his residence.

Hazel Goddard ["Goddard"] testified that she lives next door to [Garrett]. She confirmed the generator was running 24 hours a day, seven (7) days a week starting July 4, 2014[,] until July 9th of 2015….

Paul Jarrett ["Jarrett"] was the building code officer for Chestnuthill Township. He responded to a complaint made about [Garrett's] residence at 127 Rose Drive for a generator running continuously at the property. [] Jarrett went to the property in July 2014 and saw the generator outside [of Garrett's] residence[,] with a cord running from the generator into the residence. As a result, he left a violation notice on the door of [Garrett's] residence. [] Jarrett testified that [Garrett] called him twenty-one (21) days later, and [] Jarrett advised him to obtain a permit for the generator. [] Jarrett testified that the building code requires a permit for any changes to an electrical system, whether for repairs, alterations or new, and that the generator being used on a regular basis was an alteration to the electrical system. [] Jarrett sent a legal notice to [Garrett] on September 18, 2014. [] Jarrett was able to confirm from his observation in July 2014 that the house had no power[,] as the electrical meter was locked….

Trial Court Opinion, 1/8/16, at 3-4 (citations omitted).

A magistrate found Garrett guilty of violating the above-described offense. Following an appeal *de novo* to the trial court, Garrett was again convicted of the above summary offense, and fined $5.00 per day for each of the 370 days he was in violation of the Code. **See** 35 P.S. § 7210.903(a)(1) (penalties). Thereafter, Garrett timely filed the instant timely appeal.

Garrett presents the following claims for our review:

- 2 -

1. Did the [trial c]ourt err[] when it refused to hear evidence[] of Magisterial District Court Judge Colleen Mancuso['s ("Judge Mancuso")] violations of Canons and various state and federal laws that prejudiced [Garrett], which included, falsifying representation of the Commonwealth of Pennsylvania with a private attorney representing the Commonwealth['s] interest, and falsifying in documentation that this same private attorney was [Garrett's] attorney, and utilizing official government stationary to commit this fraud[?]

2. Did the [trial c]ourt err[] when it aided and abetted in the cover up of Judge [] Mancuso's violations of Canons and various state and federal laws, which prejudiced [Garrett] and gave the State an undue and bias[ed] advantage, which predicated upon [*sic*] the violations of [Garrett's] due process rights[?]

3. Did the [trial c]ourt err[] when it wrongfully interpreted the law under [34 Pa. Code §] 403.62, concerning [Garrett's] failure to obtain a permit, in light of the fact that no "work" was being performed[?]

4. Did the [trial c]ourt err[] when it denied [Garrett's M]otion to dismiss[?]

5. Did the [trial c]ourt err[] when it abused its authority and wrongfully interpreted the law under [34 Pa. Code §] 403.62, concerning [Garrett's] failure to obtain a permit, in light of the fact that no "work" was being performed[?]

Brief for Appellant at 4-5 (issues renumbered for ease of disposition).

Our standard of review for an appeal of a summary conviction, following a *de novo* trial, is whether an error of law has been committed and whether the findings of fact are supported by the record. ***Commonwealth v. Eyiwunmi Akinsanmi***, 55 A.3d 539, 540 (Pa. Super. 2012). "The trial court's verdict will only be disturbed if there was a manifest abuse of discretion." ***Id.***

- 3 -

In his first two claims, Garrett challenges the trial court's refusal to consider events that took place at his summary trial before the district magistrate. Brief for Appellant at 16-17. However, as this Court has concluded, where an appellant is afforded a trial *de novo*, all matters pertaining to the proceedings before the district magistrate are irrelevant. *Commonwealth v. Appel*, 652 A.2d 341, 343 (Pa. Super. 1994); *accord Commonwealth v. Beaufort*, 112 A.3d 1267, 1269 (Pa. Super. 2015). Accordingly, we cannot grant Garrett relief on these claims.

In his third, fourth and fifth claims, Garrett challenges the sufficiency of the evidence underlying his conviction. In reviewing a challenge to the sufficiency of the evidence,

> [t]he standard we apply … is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-51 (Pa. Super. 2013) (citation omitted). "This standard of deference is not altered in cases involving a bench trial, because the province of a trial judge sitting without a jury is to do what a jury is required to do." *Commonwealth v. Lee*, 956 A.2d 1024, 1027 (Pa. Super, 2008) (internal quotation marks and citation omitted).

Garret argues that 34 Pa. Code § 403.62 does not apply, because his home was built in 1999, and completed in April 2000. Brief for Appellant at 7. Garrett contends that the Code applies only to homes built after April 9, 2004. Brief for Appellant at 7. We disagree.

Code section 403.1 provides, in relevant part, as follows:

> The [] applies to the construction, **alteration**, repair, movement, equipment, removal, demolition, location, maintenance, occupancy or change of occupancy **of every building or structure which occurs on or after April 9, 2004**, and all existing structures that are not legally occupied.

34 Pa. Code § 403.1(a)(1) (emphasis added).

The trial court addressed Garrett's claims as follows:

> … In his appeal, [Garrett] contends [that] no "work" was being done by him, and therefore, the Act does not apply. However, by the express terms of Section 403.62, a permit is required when someone <u>alters</u> an <u>electrical system</u>. Here, [Garrett] did just that; he tied in a generator to run his electrical system, and did not use the electrical power supplied by [the power company]. Clearly, the electrical system in his residence was not being run as it was initially intended. We found this was an alteration of an electrical system requiring a permit from the Chestnuthill Township building code officer.

- 5 -

… The plain meaning of 35 [P.S.] § 7210.104, "Application," and 34 Pa. Code 403.62 applies to the actions of [Garrett] and no exclusions apply. It is the date of activity by [Garrett] that requires a permit under the Act, and not the fact that the residence was built before the effective date of the Act. In this case, [Garrett] conducted the activity of altering the electrical system after the effective date of the Act. He failed to obtain a permit. [Garrett] continued to refuse to obtain a permit for the generator after receiving a [N]otice of violation. Therefore, the Commonwealth met its burden in this case.

Trial Court Opinion, 1/8/16, at 5-6 (emphasis in original). We agree with the trial court's analysis and conclusion, as set forth above, and affirm the trial court's resolution of Garrett's sufficiency challenges on this basis. **See id.**

To the extent that Garrett challenges the credibility determinations made by the trial court, **see** Brief for Appellant at 16, we observe that the trial judge, as fact-finder, was free to believe all, part or none of the evidence. **See Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa. Super. 2011) (recognizing that the finder of fact is free to believe all, part or none of the evidence). "Significantly, [we] may not substitute [our] judgment for that of the fact[-]finder; if the record contains support for the convictions they may not be disturbed." **Commonwealth v. Bibbs**, 970 A.2d 440, 445 (Pa. Super. 2009). As the record supports the trial court's findings, we cannot grant Garrett relief on his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2016