J-S84030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE WILLIAMS | |
| Appellant | No. 2266 EDA 2015 |

Appeal from the Judgment of Sentence Dated June 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003979-2015

BEFORE:  OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:          **FILED FEBRUARY 10, 2017**

Appellant, Andre Williams, appeals from the order of the Court of Common Pleas of Philadelphia dismissing his appeal for a trial *de novo*, and reinstating the judgment of sentence imposed by the Municipal Court of Philadelphia.[1]  We affirm.

The Court of Common Pleas summarized the procedural history of this case as follows:

On March 18, 2015, [Appellant] appeared before . . . the Philadelphia Municipal Court, and pleaded guilty to the charge of Terroristic Threats (18 Pa. C.S. § 2706(a)(1)), under docket

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant has another appeal, at No. 2127 EDA 2015, in which he raises this same issue with respect to a similar disposition at a different Court of Common Pleas docket number, CP-51-CR-0003698-2015.

number MC-51-CR-0001704-2015. [Appellant] was sentenced to 18 months' probation. On April 15, 2015, [Appellant] filed a timely notice of appeal pursuant to Pa.R.Crim.P. 1008, seeking a new trial *de novo* in the Court of Common Pleas.

The case was listed for status on May 6, 2015, at which time [Appellant] failed to appear. His counsel was permitted to accept service and the case was continued to June 15, 2015.

On June 15, 2015, [Appellant] again failed to appear. Pursuant to Rule 1010(B), this Court dismissed the appeal and entered judgment on the Municipal Court sentence of 18 months' probation.

This timely appeal followed.

Trial Court Opinion, 2/9/16, at 1.

On appeal, Appellant presents a single issue for our review:

Did not the Court of Common Pleas violate [Appellant's] constitutional right to a jury trial in dismissing [his] trial *de novo* and reinstating his Municipal Court conviction and judgment of sentence, insofar as [Appellant] had never waived his right to a jury trial for those offenses?

Appellant's Brief at 3.

Our standard of review is whether the trial court abused its discretion or committed an error of law, and whether competent evidence supports the trial court's findings. *See Commonwealth v. Askins*, 761 A.2d 601, 603 (Pa. Super. 2000), *appeal dismissed as improvidently granted*, 782 A.2d 508 (Pa. 2001). "An abuse of discretion is not a mere error in judgment, but rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Commonwealth v. Cox*, 115 A.3d 333, 336 (Pa. Super. 2015) (citations omitted), *appeal denied*, 124 A.3d 308 (Pa. 2015).

Appellant argues that he had a constitutional right to a jury trial which he never waived. Appellant's Brief at 5. He asserts that "[m]erely failing to appear for court on one day does not waive or forfeit that right, particularly where other remedies are available." *Id.* He also maintains that "[i]nsofar as the judge's actions were purportedly authorized by Pa.R.Crim.P. 1010(B), that rule of criminal procedure cannot trump the Constitutions of the United States and Pennsylvania. *Id.* at 5-6. Legal authority does not support Appellant's argument.

We initially note that Appellant has waived his claim because he was represented by counsel throughout the proceedings below and he did not request a jury trial *in absentia* or object when the court did not provide one. *See* Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and may not be raised for the first time on appeal). The fact that Appellant asserts a constitutional right does not change this result. *See Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (finding appellant's constitutional challenges waived for failure to raise them before the trial court).

Moreover, in the absence of waiver, Rule 1010(B) supports the determination of the trial court, where Appellant has offered no explanation for his failure to appear. *Commonwealth v. Akinsanmi*, 55 A.3d 539, 540-541 (Pa. Super. 2012) (when a defendant fails to appear for a summary appeal and does not provide good cause, dismissal of the appeal is proper).

Pennsylvania Rule of Criminal Procedure 1010(B), governing

Philadelphia Municipal Court procedures, states:

> If the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge.

Pa.R.Crim.P. 1010(B). The comment to Rule 1010(B) explains:

> Paragraph (B) makes it clear that the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is absent without cause from the trial *de novo*. If the appeal is dismissed, the Common Pleas Court judge must enter judgment and order execution of any sentence imposed by the Municipal Court judge. Nothing in this rule is intended to preclude the judge from issuing a bench warrant when the defendant fails to appear.

***Id.***, cmt.[2]

Here, the trial court observed that Appellant "failed to appear not once, but twice." Trial Court Opinion, 2/9/16, at 2. The trial court explained its "appropriate exercise of discretion under Rule 1010(B)," stating that, "after waiting until 9:55 AM, and no explanation having been offered, the Court noted [Appellant's] failure to appear and dismissed his appeal." ***Id.***, citing N.T., 6/15/15, 3.

_____

[2] Pennsylvania Rule of Criminal Procedure 462 applies to trials *de novo* in all counties outside of Philadelphia. It similarly provides that "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P.462(D).

Upon review, we find that the trial court did not abuse its discretion in dismissing Appellant's appeal and reinstating his judgment of sentence. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2017