J-A12024-17

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL B. ACHESON | : | |
| | : | |
| Appellant | : | No. 1732 WDA 2016 |

Appeal from the Judgment of Sentence October 12, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001865-2016

BEFORE: OLSON, J., SOLANO, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                     **FILED JULY 19, 2017**

Appellant, Michael B. Acheson, appeals from the judgment of sentence, imposed October 12, 2016, following a trial *de novo* resulting in his conviction of three summary traffic violations. We affirm.

We adopt the following statement of facts from the record and the trial court's opinion. In July 2016, Appellee received citations for operation of a vehicle without required financial responsibility, failure to carry vehicle registration, and driving an unregistered vehicle, all summary traffic violations.[1] In September 2016, Appellant was found guilty *in absentia*.

Appellant *pro se* timely appealed from the summary conviction pursuant to Pa.R.Crim.P. Rule 460, and a *de novo* hearing was scheduled in

_____

[1] 75 Pa.C.S. §§ 1786(f), 1311(b), and 1301(a), respectively.

the Court of Common Pleas of Allegheny County. In October 2016, Appellant failed to appear for the *de novo* hearing, and the Court of Common Pleas noted that the Appellant had "not called or contacted the court in any manner." Trial Court Opinion, 12/5/2016. The court dismissed the appeal and entered judgment on the judgment of the issuing authority in accordance with Pa.R.Crim.P. Rule 462(D). The court imposed fines in the amount of $300 for operating a vehicle without required financial responsibility, $25 for failure to carry registration, and $25 for driving an unregistered vehicle, plus costs.

Appellant *pro se* filed a notice of appeal. The trial court did not direct compliance with Pa.R.A.P. 1925(b).

On appeal, the Appellant raises the following issues for our review:

1. Whether [Appellant] operated a motor vehicle without required financial responsibility?

2. Was the car and driver registered in the state of Pennsylvania?

3. Was the [Appellant] given 24 hours to produce registration?

Appellant's Brief at 3.

The Appellant suggests through his issues presented that the evidence supporting his conviction was insufficient. However, because Appellant's appeal was dismissed for failure to appear, we must review the court's dismissal as a prefatory matter.

Our standard of review from an appeal of a summary conviction following *de novo* trial is whether there was an error of law or

whether the findings of the court are supported by the record. The trial court's verdict will only be disturbed if there was a manifest abuse of discretion.

*Commonwealth v. Eyiwunmi Akinsanmi*, 55 A.3d 539, 540 (Pa. Super. 2012) (internal citations omitted) (citing *Commonwealth v. Marizzaldi*, 814 A.2d 249, 251 (Pa. Super. 2002)).

An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Commonwealth v. Diamond*, 945 A.2d 252, 258 (Pa. Super. 2008) (citation omitted).

Pennsylvania Rule of Criminal Procedure 462 governs summary appeals, which states, in relevant part:

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

* * *

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462(A), (D); *see also* Pa.R.Crim.P. 462, cmt. ("Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*.").

This Court must remand for a new summary appeal hearing where: "(1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a prima facie demonstration that cause existed for the absence, rendering that absence involuntary." *Commonwealth v. Dixon*, 66 A.3d 794, 797 (Pa. Super. 2013) (citing *Marizzaldi*, 814 A.2d at 251).[2] We also noted in *Dixon* that the aforementioned framework often necessitates that this Court "address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance." *Dixon*, 66 A.3d at 796–797.

Applying *Marizzaldi* to the instant case, we conclude that no relief is due. Appellant asserts that his failure to appear at the summary appeal hearing was due to illness and argues that he made a number of calls in an unsuccessful attempt to contact the court the day before the hearing to reschedule. Appellant's Brief at 6. However, Appellant failed to provide the requisite affidavit asserting cause existed for his absence.[3] *See Dixon*, 66

_____

[2] Additionally, the *Marizzaldi* Court observed that Pa.R.Crim.P. 720(D) does not permit post-sentence motions upon the entry of an order dismissing a summary appeal as it constitutes a final, appealable order. *Marizzaldi*, 814 A.2d at 252; *see also* Pa.R.Crim. P. 720(D).

[3] Appellant's brief did not comply with Pennsylvania Rule of Appellant Procedure 2119(a), and he risks waiver as he fails to cite any legal authority
*(Footnote Continued Next Page)*

- 4 -

A.3d at 797. Here, it is uncontested that Appellant was aware of the date and time of the summary appeal hearing, and the dearth of evidence presented by Appellant did not establish that his absence was involuntary. Appellant's Brief at 5. Moreover, the trial court specifically noted on the record that Appellant had not contacted the court on the morning of the hearing, evincing a consideration into the cause of Appellant's absence. Notes of Testimony (N.T.), 10/12/2016, at 2.

Accordingly, the trial court did not abuse its discretion in dismissing Appellant's summary appeal.

Order imposing judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017

_(Footnote Continued)_ _____

to support his argument. **_See Estate of Haiko v. McGinley_**, 799 A.2d 155, (Pa. Super. 2002). We note, "[a]lthough this Court is willing to construe liberally materials filed by a _pro se_ litigant, _pro se_ status generally confers no special benefit upon an appellant. Accordingly, a _pro se_ litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **_Commonwealth v. Lyons_**, 833 A.2d 245, 252 (Pa. Super. 2003), _appeal denied_, 879 A.2d 782 (Pa. 2005)