J-A20025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID TYRONE TRICE, JR. | : | |
| | : | |
| Appellant | : | No. 332 WDA 2018 |

Appeal from the Order Entered February 13, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0002364-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 14, 2018**

David Tyrone Trice, Jr., appeals from the order, entered in the Court of Common Pleas of Allegheny County, following his summary convictions for two counts each of driving an unregistered vehicle,[1] operating a vehicle without valid inspection,[2] and evidence of emission inspection[3] (docket no. 2364 of 2017).  After review, we vacate and remand.

Trice was found guilty of the above-mentioned summary offenses and ordered to pay a $150 fine, plus costs.  Trice filed a summary appeal from the convictions.  Both Trice's arresting officer and Trice failed to appear for the *de novo* hearing that was held on February 13, 2018.  Accordingly, the trial court

_____

[1] 75 Pa.C.S.A. § 1301(a).

[2] 75 Pa.C.S.A. § 4703(a).

[3] 75 Pa.C.S.A. § 4704(c)(5).

dismissed the summary appeal and judgment was entered against Trice. ***See*** Pa.R.Crim.P. 462(D). This timely *pro se* appeal follows.

While utterly devoid of any required content for headings and sections as prescribed in the Rules of Appellate Procedure, Trice argues that he was unable to attend his *de novo* hearing because "[he] was unable to call off of work due to [his] new start and unste[a]dy schedule." Appellant's Brief, at 1.

Pursuant to Rule 462:

\* \* \*

(C) In appeals from summary proceedings arising under the Vehicle Code or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify. The failure of a law enforcement officer to appear and testify shall result in the dismissal of the charges unless:

   (1)   the defendant waives the presence of the law enforcement officer in open court on the record;

   (2)   the defendant waives the presence of the law enforcement officer by filing a written waiver signed by the defendant and defense counsel, or the defendant if proceeding *pro se*, with the clerk of courts; or

   (3)  the trial judge determines that good cause exists for the law enforcement officer's unavailability and grants a continuance.

(D) If the defendant fails to appear [for a trial *de novo*], the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority[.]

Pa.R.Crim.P. 462(C), (D). The Comment to Rule 462 explains that "[p]aragraph D makes it clear that the trial judge may dismiss a summary case appeal *when the trial judge determines that the defendant is absent*

- 2 -

*without cause from the trial de novo*." Pa.R.Crim.P. 462(D), comment (emphasis added).

Here, the notes from the summary appeal indicate that in addition to Trice's absence, Trice's arresting officer was also not present at the proceeding. ***See*** N.T. Summary Appeal, 2/13/18, at 3. There is nothing in the record indicating that Trice waived the presence of the officer *via* a written waiver or that the trial judge determined that good cause existed for the officer's unavailability. ***See*** Pa.R.Crim.P. 462(C)(2)-(3). Moreover, with regard to Trice's failure to appear under subsection (D), the court never inquired into whether Trice had good cause to justify his absence from the *de novo* trial. ***Commonwealth v. Marizzaldi***, 814 A.2d 249 (Pa. Super 2002). ***See Commonwealth v. Peralta***, 173 A.3d 813, 816 (Pa. Super. 2017) ("Rule 462 provides that if the defendant fails to appear, the trial judge *may* dismiss the appeal[;]" "in counties outside of Philadelphia, the trial judge has discretion to dismiss the appeal *when no cause is shown*.") (emphasis in original and added).

Instantly, the trial court states in its Pa.R.A.P. 1925(a) opinion that "[d]ismissal was proper, even though the officer also failed to appear." Trial Court Opinion, 3/28/18, at 2. The court cites to ***Commonwealth v. Akinsanmi***, 55 A.3d 539 (Pa. Super. 2012) and ***Commonwealth v. Lowe***, 698 A.2d 607 (Pa. Super. 1997), to support its decision to dismiss the appeal because Trice did not appear for his hearing and failed to provide an excuse. We find both cases inapposite.

In **Akinsanmi**, the defendant received a traffic citation for parking where prohibited by sign in a Pittsburgh park. Defendant was found guilty of the summary offense; defendant filed a notice of appeal from the summary conviction. The trial court held a *de novo* hearing. When the defendant failed to appear for the hearing, the court dismissed the appeal and judgment was entered for the Commonwealth pursuant to Pa.R.Crim.P. 462(D). Defendant appealed the judgment, arguing that the traffic citation was improperly issued. Defendant did "not address her failure to attend the [*de novo*] hearing except to say . . . that she was unable to return from a research conference in time to attend the hearing." 55 A.3d at 540. In affirming the court's order entering judgment against the defendant our Court stated:

> In the instant case, [Defendant] did not appear for the hearing. This was not a case of an involuntary absence, nor was it due to unforeseen circumstances. [Defendant] was attending a research conference. She does not explain why she did not seek a continuance given the scheduled conflict with her hearing. She does not offer any good cause for missing her hearing, other than being at a conference. This is not a good cause, an involuntary absence, or an unforeseen circumstance. The trial court properly dismissed the case upon [Defendant's] failure to appear. We find no error in that action.

*Id.* at 541.

Notably, in **Akinsanmi**, there is nothing indicating that the defendant's citing officer did not appear for the *de novo* hearing. Thus, the trial court's reliance on that authority in the instant case is misleading. Rule 462 is clear that where an officer who observed the alleged offense fails to appear and testify at the trial *de novo*, the result is that the trial court "**shall** . . . dismiss[]

the charges" where the three enumerated exceptions do not apply. Pa.R.Crim.P. 462(C) (emphasis added). The court fails to acknowledge how the citing officer's absence was excused in any way under subsection (C) and why Trice's absence justified automatic dismissal of the appeal and judgment entered against him without first inquiring whether he was absent for good cause and in light of the officer's absence.

We likewise find *Lowe* not applicable to the instant case. Rule 462 was amended in 2000 and was derived from former Rules of Criminal Procedure 86(G) and 1117(c). *Lowe* was decided in 1997, prior to the enactment of Rule 462, and in accordance with now-repealed Rule 1117(c). Thus, we do not find it instructive in the instant matter.

Accordingly, where the trial court did not inquire into whether Trice had good cause to justify his absence from the *de novo* trial, *Marizzaldi*, *supra*, Trice's citing officer was also not present at the proceeding, and there is nothing in the record indicating that Trice waived the presence of the officer *via* a written waiver or that the trial judge determined that good cause existed for the officer's unavailability, Pa.R.Crim.P. 462(C)(2)-(3), we are compelled to vacate and remand the instant matter.[4]

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

---

[4] Although Trice did not raise this issue, the clear language of Rule 462(C) compels this decision.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2018