J-S32003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAWN BRANDT | : | |
| Appellant | : | No. 1934 MDA 2017 |

Appeal from the Judgment of Sentence November 15, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-SA-0000047-2017

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                 **FILED OCTOBER 16, 2018**

Dawn Brandt appeals *pro se* from the judgment of sentence imposed following her conviction for disorderly conduct towards a police officer, a summary offense, Lebanon City Ord. § 705.025(a). We affirm.

On May 30, 2017, Police Officer Enoc Ayala, of the Lebanon City Police Department, responded to Denise Nardo's residence following a complaint that her next-door neighbor, Brandt, was throwing trash from the rear of her property onto a public street. **See** N.T., Summary Trial, 11/15/17, at 16-17. After viewing video footage taken from Nardo's surveillance camera, which appeared to corroborate Nardo's claim, Officer Ayala approached Brandt to question her concerning her alleged actions. **See id**., at 17. However, before Officer Ayala could ask Brandt anything, she began cursing and complaining

_____

[*] Retired Senior Judge assigned to the Superior Court.

about a van parked on her street. *See id*., at 18. Once Officer Ayala was able to ask Brandt about Nardo's allegation, Brandt used the term "motherfucker," stated that Nardo was "fucking lying," and directed a racial slur at Officer Ayala—calling him "a spic." *Id*.

Based upon this unpleasant interaction, a Non-Traffic Citation, No. R1464822-2, was filed against Brandt, charging her with the summary offense of disorderly conduct towards a police officer, as well as the summary offense of littering, Lebanon City Ord. § 709.01. A hearing was held in the Magisterial District Court, after which Brandt was found guilty of both summary offenses and ordered to pay fines.

Following the filing of a timely summary appeal, a bench trial was held before the Lebanon County Court of Common Pleas. Officer Ayala and Nardo both testified at the bench trial. Officer Ayala testified as to Brandt's cursing and racial slurs, and Nardo, who witnessed the exchange between Officer Ayala and Brandt, corroborated his version of events. *See* N.T., Summary Trial, 11/15/17, at 4-6. Brandt did not testify on her own behalf. The trial court found Brandt guilty of disorderly conduct towards a police officer, not guilty of littering, and imposed a fine of $100, plus court costs. This timely appeal follows.

On appeal, Brandt raises several, convoluted challenges to her conviction. Her statement of questions lists six unnumbered questions for our review; however, her argument section is not divided into six parts. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there

are questions to be argued[.]") In attempting to discern the exact issues raised by Brandt, we have distilled her claims into three questions for our review.

First, Brandt contends that her conviction for disorderly conduct cannot stand because there was no proof that she used "fighting words" against Officer Ayala. Brandt then raises several challenges to the trial court's credibility determinations. And, finally, Brandt challenges the Commonwealth's failure to call a witness during the bench trial.[1]

> Our standard of review from an appeal of a summary conviction following *de novo* trial is whether there was an error of law or whether the findings of the court are supported by the record. The trial court's verdict will only be disturbed if there was a manifest abuse of discretion.

***Commonwealth v. Akinsanmi***, 55 A.3d 539, 540 (Pa. Super. 2012) (internal citations omitted).

Brandt first asserts that because her statements towards Officer Ayala did not constitute "fighting words," her conviction for disorderly conduct

---

[1] Brandt also purports to challenge the validity of Lebanon City's disorderly conduct towards a police officer ordinance, as she contends it is "overbroad and vague." Appellant's Brief, at 3b. However, Brandt did not include this claim in her Rule 1925(b) statement. **See** Defendant's Concise Statement of Errors Complained of on Appeal, 1/3/18. Therefore, she has waived the issue on appeal. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that any issues not raised in a 1925(b) statement will be deemed waived).

cannot stand.[2] Fighting words are "[words] which by their very utterance inflict injury or tend to incite an immediate breach of the peace." **Commonwealth v. Mastrangelo**, 414 A.2d 54, 58 (Pa. 1980). This Court has held that a person *can* be convicted of disorderly conduct under the Crimes Code by uttering "fighting words." **Commonwealth v. Reynolds,** 835 A.2d 720, 730-831 (Pa. Super. 2003).

However, while Brandt is correct in noting that "fighting words" can lead to a conviction of disorderly conduct under the Crimes Code, this is not the *only* way spoken words can lead to a disorderly conduct conviction. **See Commonwealth v. Pringle**, 450 A.2d 103, 105-106 (Pa. Super. 1982) ("[I]t is well-settled in our Commonwealth that one may be convicted of disorderly conduct for engaging in the activity of shouting profane names and insults a police officers on a public street while the officers attempt to carry out their lawful duties.")

_____

[2] In her statement of questions, Brandt alleges that her "First Amendment right of freedom of speech was not addressed by the … Court of Common Pleas." Appellant's Brief, at 3a (unnecessary capitalization omitted). However, Brandt does not present any argument related to the First Amendment to the United States Constitution or her right to freedom of speech in the argument section of her brief. Instead, she focuses her argument on whether or not her conviction can stand without a finding that her statements constituted "fighting words." **Id**., at 7a-7b. Therefore, we have confined our analysis to the actual issue Brandt has presented for our review.

In any event, Brandt was not even convicted of disorderly conduct under the Crimes Code. Instead, her conviction fell under the Lebanon City Ordinance, which provides as follows:

Disorderly conduct towards a police officer is defined as follows:

(a)     By violent, tumultuous, or obstreperous conduct or carriage, or by loud or unusual noises, or by abusive language which disturbs any police officer in the discharge of his/her duty.

Lebanon City Ord. § 705.025(a).

The Lebanon City Ordinance does not require that "fighting words" be uttered for a conviction under the ordinance. Rather, it requires an individual utter "abusive language which disturbs any police officer." The trial court clearly found that referring to Officer Ayala as "a spic" constituted abusive language that disturbed Officer Ayala in the discharge of his duty. **See** Trial Court Opinion, 2/8/18, at 4-5. The record supports this finding. Therefore, we will not disturb Brandt's conviction on this basis.

In the remaining pages of her argument, Brandt sets forth her challenges to the trial court's credibility determinations and the Commonwealth's failure to call a witness, but without reference to *any* type of legal authority or law. Brandt instead devotes her argument to attacks on Nardo's character and conclusory arguments that she alleges should result in this Court vacating her conviction. "[A]s Appellant has cited no legal authorities nor developed any meaningful analysis, we find [these issues] waived for lack of development." **Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa. Super. 2014).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2018