J-S39022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFTON CONNELLY | : | |
| | : | |
| Appellant | : | No. 3822 EDA 2017 |

Appeal from the Judgment of Sentence October 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-SA-0002264-2017

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY OLSON, J.:          **FILED DECEMBER 11, 2020**

Appellant, Clifton Connelly, appeals from the judgment of sentence entered on October 23, 2017 in the Criminal Division of the Court of Common Pleas of Philadelphia County.  We dismiss the appeal.

Briefly, the relevant facts are as follows.  On July 28, 2017, Appellant pled guilty in the Municipal Court of Philadelphia to operating a motor vehicle without the required financial responsibility.  *See* 75 Pa.C.S.A. § 1786(d)(1). In turn, the Municipal Court imposed a fine in the amount of $647.00. Appellant appealed the case *de novo* to the court of common pleas.  When Appellant failed to appear for his hearing scheduled for October 23, 2017, the trial court dismissed Appellant's summary appeal and entered judgment.  This appeal followed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On appeal, Appellant submitted a one-page statement in support of his claims. Appellant's submission includes none of the required components identified in our appellate rules. *See* Pa.R.A.P. 2111 (listing required components of appellate briefs). Because Appellant's filing omits all of the requisite components of an appellate brief (including, particularly, a discussion of relevant issues with citation to pertinent authority), we deem it deficient and we further find that those deficiencies undermine meaningful appellate review. For these reasons, we dismiss this appeal.[1] *See* Pa.R.A.P. 2101 (briefs "shall conform in all material respects with the requirements of the [appellate rules]" and appeals shall be subject to dismissal where defects in an appellant's brief are substantial).

Appeal dismissed.

---

[1] Even if we could undertake meaningful appellate review, it appears that Appellant would not be entitled to relief. Appellant argues that his driving privileges should not have been suspended. However, an attachment to Appellant's brief that purports to be prepared by the Pennsylvania Department of Transportation states that Appellant's driving privileges were restored effective April 13, 2019. Hence, it does not appear that an effective remedy could be ordered in this appeal. Moreover, where the trial court dismisses a summary appeal for failure to appear, our case law holds that the scope of our review is limited to considering whether the court committed a manifest abuse of discretion in entering its dismissal order. *See Commonwealth v. Akinsanmi*, 55 A.3d 539, 540 (Pa. Super. 2012). Here, however, Appellant's only claim appears to be that he was misled by an assistant district attorney and certain unidentified court officials.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *12/11/2020*