J-S50018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
            v.                    :
                                :
                                :
JEFFREY GASKIN             :
                                :
          Appellant        :    No. 3419 EDA 2019

Appeal from the Judgment of Sentence Entered November 21, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-SA-0000716-2019

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:            **FILED MARCH 16, 2021**

Appellant, Jeffrey Gaskin, appeals *pro se* from the judgment of sentence entered on November 21, 2019, following the dismissal of Appellant's summary appeal in the Montgomery County Court of Common Pleas. We affirm.

The record reflects that on May 13, 2019, the Commonwealth charged Appellant with two violations of the Motor Vehicle Code: driving an unregistered vehicle in violation of 75 Pa.C.S. § 1301(a); and failure to stop at a stop sign in violation of 75 Pa.C.S. § 3323(b). Traffic Citation, 5/13/19. Appellant was found guilty of both charges by a Magisterial District Judge on June 27, 2019. Magisterial Docket Transcript, 7/5/19. On July 5, 2019,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant filed a summary appeal with the trial court. On September 23, 2019, the trial court scheduled a trial *de novo* to be held on November 21, 2019. However, at the time scheduled for the trial, Appellant failed to appear. Therefore, on November 21, 2019, the trial court dismissed Appellant's summary appeal, entered judgment based on the guilty verdict entered by the Magisterial District Judge, and assessed penalties and fines.

On November 27, 2019, Appellant filed a timely appeal to this Court, and the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before January 14, 2020. Appellant filed an untimely *pro se* Pa.R.A.P. 1925(b) statement on January 21, 2020.

It is well settled that when a trial court orders an appellant to file a statement of errors complained of on appeal, any issues not raised in a timely filed Pa.R.A.P 1925(b) statement are waived. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (citing ***Commonwealth v. Lord***, 719 A.2d 306 (Pa.1998)). Herein, the trial court concluded that Appellant's untimely Pa.R.A.P 1925(b) statement resulted in waiver of any issues Appellant wished to raised on appeal. Trial Court Opinion, 3/19/20, at 7. We discern no error of law or abuse of discretion in the trial court's finding of waiver, and we affirm the judgment of sentence.

Moreover, even if we deemed Appellant's *pro se* Pa.R.A.P. 1925(b) statement to be timely, Appellant would not be entitled to any relief on appeal.

Our standard of review from an appeal of a summary conviction following *de novo* trial is whether there was an error of law or whether the findings of the trial court are supported by the record. **Commonwealth v. Eyiwunmi Akinsanmi**, 55 A.3d 539, 540 (Pa. Super. 2012) (citation omitted). The trial court's verdict will be disturbed only if there was a manifest abuse of discretion. **Id.** (citation omitted). When a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. **Id.**

After review, we conclude that Appellant's brief reveals a wholesale failure to comply with the briefing requirements set forth in our Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a certain extent, assume that his lack of expertise and legal training will be his undoing. **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018).

Appellant's brief violates Pa.R.A.P. 2111, 2114, 2115, 2117, 2118, and 2119. Importantly, there is no argument or citation to the record or relevant legal authority. As such, even if we able to reach the merits of Appellant's appeal, we would conclude that he has failed to preserve any issues. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (providing that an appellant's failure to comply with the Rules of

Appellate Procedure results in waiver of the underlying issue); *see also*

***Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa. Super. 2012) (holding that

an appellant's failure to develop argument and cite relevant authority for the

argument results in waiver).

For the reasons set forth above, we conclude that Appellant is entitled

to no relief.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision

of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2021