**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Dale F. MARIZZALDI, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 2002.
Filed Dec. 20, 2002.

---

**250**

John Ciroli, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before: MUSMANNO, ORIE MELVIN, and BECK, JJ.

OPINION BY ORIE MELVIN, J.

¶ 1 Dale Marizzaldi appeals from the judgment of sentence imposed following the trial court's dismissal of his summary appeal. For the reasons that follow, we vacate the judgment of sentence and remand for trial.

¶ 2 On November 7, 2001, Appellant was found guilty by a district justice of speeding, driving without a license, and driving while under suspension, DUI related.[1] He filed a timely *pro se* appeal from his summary convictions and requested a *de novo* hearing, which was scheduled for February 6, 2002 at 8:15 a.m. The transcript of that summary appeal proceeding, in its entirety, is as follows.

> THE MINUTE CLERK: We have an officer and no defendant. That is a 1543(b) violation.
>
> [ASSISTANT DISTRICT ATTORNEY:] Yes, and we will send out a notice.
>
> THE COURT: The appeal is denied, and judgement [sic] will be entered in the Court of Common Pleas.

N.T. Summary Appeal Hearing, 2/6/02, at 2. Judgment of sentence was entered pursuant to Pa.R.Crim.P. 462, ordering Appel-

1. 75 Pa.C.S.A. §§ 3362(a), 1501(a), and 1543(b), respectively.

lant to serve 90 days' incarceration and pay a fine and costs. This timely appeal followed.

■ ¶ 3 Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. *Commonwealth v. Lutes,* 793 A.2d 949 (Pa.Super.2002). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Parks,* 768 A.2d 1168, 1171 (Pa.Super.2001).

¶ 4 Appellant, now represented by counsel, has attached an affidavit to his brief wherein he asserts that he arrived for his summary appeal hearing approximately ten minutes late and learned that his appeal had already been dismissed. He explains that he was delayed because he missed the bus and that he waited for the next available one, which arrived in the City of Pittsburgh a few minutes after his hearing was scheduled to begin. He also states that he was not given an opportunity to explain to the trial court the reason for his tardiness.

¶ 5 In its opinion, the trial court relies on Rule 462 which permits dismissal of an appeal when a defendant fails to appear. That rule, in pertinent part, provides as follows.

### Rule 462. Trial *De Novo*

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

* * *

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462, 42 Pa.C.S.A. The Comment to the Rule explains, "Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" *Id.* (emphasis added).

■ ¶ 6 Appellant contends on appeal that the trial court's failure to make inquiry into his absence constitutes reversible error. He cites *Commonwealth v. Doleno,* 406 Pa.Super. 286, 594 A.2d 341 (1991) and *Commonwealth v. Mesler,* 732 A.2d 21 (Pa. Cmwlth.1999) in support of his argument. In *Doleno,* the appellant requested a *de novo* hearing after he was convicted by a district justice of operating a vehicle in violation of restricted weight limits. He failed to appear at the hearing before the trial court, which convicted him in his absence. The appellant filed a motion for a new trial, contending that his failure to appear was the result of an inadvertent scheduling error by his attorney. The trial court held a hearing on the motion but denied relief. On appeal, this Court reversed and remanded for a new trial. We reasoned that even though former Rule 1117(a)(renumbered Pa.R.Crim.P. 602) permitted the trial court to conduct a trial in a defendant's absence, a defendant is not precluded from attempting to establish a valid reason for his failure to appear. We further stated that if a defendant can establish good cause for his absence from trial, a new trial is the appropriate remedy. *Id.* at 343. Because the appellant's failure to appear was the result of counsel's error, we found that his absence was not voluntary, and that "[u]nder such circumstances, it would be manifestly unfair

to deprive appellant of the opportunity to appear and present a defense of the charge against him." *Id.* at 344. This Court thus concluded that the trial court abused its discretion in refusing to grant a new trial.

¶ 7 In *Mesler, supra,* the appellant was found guilty of violating two sections of the Game and Wildlife Code, 34 Pa.C.S.A. §§ 101—2965. On appeal to the trial court, the appellant failed to appear for his rescheduled hearing, but his attorney was present. Because the appellant himself was not present in the courtroom at the time the list of cases was called, the trial court dismissed the appeal pursuant to former Rule 1117(c)(renumbered Pa. R.Crim.P. 462).

¶ 8 On appeal, the Commonwealth Court noted that the Explanatory Comment to former Rule 1117 makes it clear that the defendant's absence must be without cause before the summary appeal may be properly dismissed. *Mesler, supra,* 732 A.2d at 25 (emphasis in original). The Court reviewed the transcript from the hearing and noted that the trial court failed to consider whether there was cause for the appellant's absence. The Court also found persuasive the content of former Rule 2 (renumbered Pa.R.Crim.P. 101):

> [The Rules of Criminal Procedure] are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction.

*Id.* at 25.

¶ 9 Instantly, we note that unlike the appellant in *Doleno, supra,* Appellant in the case *sub judice* had no opportunity to demonstrate via a post-sentence motion that his failure to appear on time was involuntary and should be excused, since such motions are no longer permitted in summary cases. Pa.R.Crim.P. 720(D), 42 Pa.C.S.A. Consequently, his brief and attached affidavit present his claim to this Court in the first instance.[2]

¶ 10 After careful review, and assuming *arguendo* that the facts set forth in Appellant's brief and affidavit are true and correct,[3] we find the case at bar to be sufficiently similar to *Mesler* to warrant relief. The abbreviated transcript in the certified record does not contradict Appellant's assertions on appeal, and the brief opinion of the trial court makes no mention that a determination of the cause or duration of Appellant's absence was made. It is for these reasons that we are compelled to find that the record does not establish an effort on the part of the trial court to make any such inquiry, as was the precise situation in *Mesler.* This failure to do so is contrary to the clear intent of the Rules and requires a remand for a trial *de novo.*[4]

---

**2.** This fact alone distinguishes this case from *Commonwealth v. Lowe,* 698 A.2d 607 (Pa.Super.1997), *appeal denied,* 550 Pa. 690, 704 A.2d 1381 (1997), where the appellant appealed from the sentence imposed after he failed to appear for his *de novo* hearing; appellant did not argue there was a reason for his absence but instead challenged the Commonwealth's failure to present any evidence at the hearing.

**3.** The Commonwealth apparently does not challenge the veracity of the averments in Appellant's affidavit. *See* Appellee's brief at 5.

**4.** We also note that the situation presented is not unlike that in a civil case where a party has failed to appear for trial and the matter has proceeded in his or her absence. In such a situation, the non-appearing party may file a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear. *See* Pa.R.C.P. 218, 42 Pa. C.S.A. and Note.

*Id.* Like the appellant in *Doleno,* Appellant's tardiness was not voluntary, and he should therefore be given an opportunity to present a defense. *See also Parks, supra* (reversing and remanding for trial where appellant alleged he did not receive notice of the rescheduled *de novo* hearing, and certified record supported his averments).

¶ 11 For these reasons, we conclude that the judgment of sentence must be vacated, and this matter remanded to the trial court for a trial *de novo.*

¶ 12 Judgment of sentence vacated; case remanded. Jurisdiction relinquished.

¶ 13 MUSMANNO, J., joins.

¶ 14 BECK, J., files a Concurring statement.

BECK, J., Concurring.

¶ 1 I agree with the majority that judgment of sentence should be vacated and the case remanded for a hearing on the issue of the cause of appellant's failure to appear at the *de novo* hearing. Appellant is entitled to an opportunity to present a defense, explaining his reasons for his absence. It is my judgment, however, that where a defendant fails to appear in court because he missed his bus, and fails to make a timely communication with the court to explain what happened, he does not provide a sufficient excuse. I therefore distinguish the circumstances of the instant case from *Commonwealth v. Doleno,* 406 Pa.Super. 286, 594 A.2d 341 (1991) (attorney's scheduling error) or *Commonwealth v. Parks,* 768 A.2d 1168 (Pa.Super.2001) (failure of the clerk of court to provide proper notice).