J-S13033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZACKARY ELKING POLL | |
| Appellant | No. 1448 WDA 2014 |

Appeal from the Order Entered August 6, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-SA-0001467-2014

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 27, 2015**

Appellant, Zackary Elking Poll, appeals from the August 6, 2014 order dismissing his summary appeal.[1]  We vacate and remand.

On April 15, 2014, a Pittsburgh police officer cited Appellant for reckless driving, operating a vehicle without a valid certificate of inspection, operating a vehicle without valid evidence of an emission inspection, and failing to ensure use of a seatbelt by persons under age eighteen.[2]

---

[1]  This order is final and appealable.  Pa.R.A.P. 341(b)(2); Pa.R.Crim.P. 720(D); *see Commonwealth v. Dixon*, 66 A.3d 794, 795 (Pa. Super. 2012).

[2]  75 Pa.C.S.A. §§ 3736, 4703(a), 4706(c)(5) and 4581(a)(2)(i), respectively.  We note that § 4703 has been amended effective May 1, 2015.

Appellant contested the charges but was found guilty of each after a summary trial on July 2, 2014. That same day, Appellant filed an appeal, and the trial court proceeding was scheduled for August 6, 2014. The trial court dismissed the appeal when Appellant failed to appear.

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." ***Commonwealth v. Marizzaldi***, 814 A.2d 249 (Pa. Super. 2002). Appellant argues the trial court erred in dismissing his summary appeal without inquiring into the reasons for Appellant's absence from the proceeding. He cites ***Marizzaldi*** for authority that a trial court must do so.

In ***Marizzaldi***, the trial court dismissed the defendant's summary appeal without explanation when the defendant failed to appear. ***Id.*** at 250-51. Furthermore, the trial court's opinion did not reflect any inquiry into the reasons for the defendant's absence. ***Id.*** at 251. This Court concluded the trial court failed to comply with Rule 462 of the Rules of Criminal Procedure. That Rule provides in relevant part as follows:

> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard de novo by the judge of the court of common pleas sitting without a jury.

> [...]

> (D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.
>
> […]
>
> *Comment*: […] Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal **when the judge determines that the defendant is absent without cause from the trial de novo.** If the appeal is dismissed, the trial judge should enter judgment and order execution of any sentence imposed by the issuing authority.

Pa.R.Crim.P. 462(A), (D), and comment (emphasis added). The **Marizzaldi** Court also noted that Pa.R.Crim.P. 720(D) does not permit post-sentence motions after a trial *de novo* after a summary appeal. **Marizzaldi**, 814 A.2d at 252. Thus, the facts of **Marizzaldi** were distinguishable from cases decided under an earlier version of the Rules of Criminal Procedure permitting such a motion and, thereby, affording the defendant an opportunity to establish good cause for failing to appear. **Id.** The defendant in **Marizzaldi** filed an affidavit along with his appellate brief explaining that he missed his bus and thus arrived ten minutes late for his hearing, at which point the trial court had already dismissed his appeal. **Id.** at 251. Given the trial court's failure to conduct any inquiry into the cause of the defendant's absence and the absence in the record of anything contradicting the

defendant's assertions on appeal, the **Marizzaldi** Court remanded for a trial *de novo*. **Id.** at 252.[3]

In **Dixon**, this Court summarized **Marizzaldi** as follows:

> We understand **Marizzaldi** to require a new trial when: (1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary.

**Dixon**, 66 A.3d at 797.

Here, as in **Marizzaldi**, the record fails to reflect any inquiry into the cause of Appellant's absence. At the August 6, 2014 hearing, the trial court stated the following: "Okay, we will dismiss the appeal, defendant not appearing." N.T. Hearing, 8/6/14, at 2. Thereafter, the trial court imposed fines and the proceeding concluded. **Id.** The trial court's opinion likewise contains no mention of any inquiry into the cause of Appellant's absence: "The Summary Appeal hearing was conducted on August 6, 2014, at which

---

[3] In a concurring statement, Judge Beck wrote that she believed the defendant was entitled to a hearing to establish the reason for his absence, but that missing a bus and failing to make a timely communication with the court would not constitute sufficient cause for missing the hearing. **Id.** at 253 (Beck, J. concurring). Judge Beck found the circumstances of **Marizzaldi** distinguishable from **Commonwealth v. Doleno**, 594 A.2d 341 (Pa. Super. 1991), where the defendant missed his hearing due to his attorney's error, and **Commonwealth v. Parks**, 768 A.2d 1168 (Pa. Super. 2001), where the docket failed to reflect the clerk of courts provided notice of the hearing. **Id.**

time the Defendant failed to appear. In his absence, judgment was entered on the judgment of the issuing authority, pursuant to [Pa.R.Crim.P. 462(D)]." Trial Court Opinion, 7/29/14, at 1.

In accordance with *Marizzaldi*, Appellant attached an affidavit to his appellate brief. He states:

> I was not present because my car battery died. I was not represented by counsel at the time and did not know who to call. Once my vehicle was operational again, I went to the Clerk of Courts where I was informed that my appeal had been dismissed and my only option was to file an appeal with the appellate courts, which I filed myself.

Appellant's Brief at 20.

The Commonwealth concedes that *Marizzaldi* is on point, inasmuch as the record does not reflect any inquiry into the cause of Appellant's absence from the summary appeal hearing, as required by the holding in *Marizzaldi* and the comment to Rule 462. Commonwealth's Brief at 8-9. The Commonwealth deems Appellant's proffered excuse dubious, as did Judge Beck in her concurring statement in *Marizzaldi*. *Id.* The Commonwealth ultimately takes no position on the outcome of this appeal, but defers to the judgment of this panel.

In our judgment, *Marizzaldi* is controlling. Nothing in the instant record evinces any inquiry into the cause of Appellant's absence from his summary appeal hearing. Likewise, the record contains nothing to refute Appellant's assertion that he missed the hearing because of a dead car

battery. The trial court committed an error of law in failing to inquire into the cause of Appellant's absence from the summary appeal.[4] Though we are not without sympathy to the concerns of Judge Beck in *Marizzaldi* and the Commonwealth in this case concerning the sufficiency of the proffered excuse for the absence, we discern no meaningful distinction between a missed bus and a dead car battery, insofar as either scenario constitutes *prima facie* cause for an involuntary absence.[5] We therefore vacate the order on appeal and remand for a new trial *de novo*.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015

_____

[4] Our holding notwithstanding, we appreciate the procedural predicament trial courts face where the summary appellant fails to appear. As we stated in *Dixon*, "[t]he trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence." *Dixon*, 66 A.3d at 797.

[5] The *Dixon* Court declined to award a new trial *de novo* where the appellant averred that he appeared at the wrong location for his hearing and was unable to find the correct location in time. *Dixon*, 66 A.3d at 795-96. In *Dixon*, the record confirmed that the appellant received notice of the time, date and location of the hearing. Thus, unlike *Marizzaldi* and the instant case, the record in *Dixon* contained information contradicting the appellant's excuse for his absence.