J-A17021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACQUES JEAN LOUIS, | |
| Appellant | No. 1492 EDA 2014 |

Appeal from the Order Entered April 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-SA-0000845-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 08, 2015**

Appellant, Jacques Jean Louis, appeals *pro se* from the trial court's April 14, 2014 order dismissing Appellant's summary appeal based on his failure to appear at the trial *de novo* before the Court of Common Pleas of Philadelphia County.  We affirm.

Appellant was convicted by a magisterial district judge of various traffic offenses, including operation of a motor vehicle without required financial responsibility, 75 Pa.C.S. § 1786(f).  Appellant filed a timely notice of appeal from the summary conviction.  A trial *de novo* was conducted on April 14, 2014.  Appellant failed to appear at that proceeding and, consequently, the trial court issued an order dismissing his summary appeal.  Appellant filed a timely *pro se* notice of appeal with this Court, as well as a

timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Herein, Appellant states the following question for our review, which we reproduce verbatim: "1.on 10-24-14 wheather there were evidence as a matter of the law to find me the defendant guilty who was unavailable to testify and show any evidence at traial.i was fined 700 dollars and license revoked for something I had which was insurance and paper work for the car." Appellant's Brief at 2 (unnumbered). In the section of Appellant's brief labeled "[A]rgument," he provides the following two sentences, again set forth verbatim: "the reviewing court must evaluate the sufficiency upon the entire trial record ,the standard od review is that the evidence must be read in light most favorableto the state .the evidence was there jacques jean louis had insurance and all paper work to the rental care." *Id.* at 5 (unnumbered).

Initially, we note that Appellant's brief fails to comply with the Pennsylvania Rules of Appellate Procedure. On this basis alone, we could dismiss his appeal. *See* Pa.R.A.P. 2101 (stating that briefs shall conform with the Rules of Appellate Procedure and, if the defects in a brief are substantial, we may quash or dismiss the appeal). We could also deem Appellant's issue – apparently, a challenge to the sufficiency of the evidence – waived based on his undeveloped argument. *See Commonwealth v. Snyder*, 870 A.2d 336, 342 (Pa. Super. 2005) ("Undeveloped claims are waived.") (citation omitted). However, because Appellant's claim is

relatively straightforward, and we are able to conduct a meaningful review of his case, we will overlook Appellant's errors in these regards.

Appellant challenges the sufficiency of the evidence to prove that he failed to secure or maintain financial responsibility coverage for the vehicle he was operating when ticketed by police. However, because the trial court dismissed Appellant's summary appeal for failure to appear, our review of this case is limited to the propriety of the court's dismissal. *See Commonwealth v. Eyiwunmi Akinsanmi*, 55 A.3d 539, 540 (Pa. Super. 2012).

> Our standard of review from an appeal of a summary conviction following *de novo* trial is whether there was an error of law or whether the findings of the court are supported by the record. *Commonwealth v. Marizzaldi*, 814 A.2d 249, 251 (Pa. Super. 2002). The trial court's verdict will only be disturbed if there was a manifest abuse of discretion. *Id.*

*Id.*

Pennsylvania Rule of Criminal Procedure 462 governs *de novo* trials following the appeal of a summary conviction. That rule states, in pertinent part:

**Rule 462. Trial *De Novo***

> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> * * *

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462.

The Comment to Rule 462 explains that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" Pa.R.Crim.P. 462, cmt. Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence. **See Commonwealth v. Akinsanmi**, 55 A.3d 539, 540–41 (Pa. Super. 2012). In the event that good cause is established, the defendant is entitled to a new summary trial. **See Marizzaldi**, 814 A.2d at 251, 253; **Commonwealth v. Doleno**, 406 Pa.Super. 286, 594 A.2d 341, 343 (1991).

**Commonwealth v. Dixon**, 66 A.3d 794, 796 (Pa. Super. 2013).

In **Dixon**, we declared that a new trial *de novo* must be granted where,

(1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; **and** (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary.

**Id.** at 797 (emphasis added).

In this case, the certified record does not contain a transcript of the April 14, 2014 trial *de novo* and, therefore, we cannot determine if the trial court considered whether Appellant had cause to justify his absence. Nevertheless, even assuming the court did *not* conduct this analysis, Appellant is still not entitled to a new trial. Appellant has not presented this Court with an affidavit explaining why he was not present at the trial *de*

J-A17021-15

*novo*. Indeed, at no point in his brief to this Court does he provide *any* explanation for his absence. Accordingly, the court did not err in dismissing Appellant's summary appeal.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015

- 5 -