# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
                               :
        v.                     :   No. 1808 C.D. 2016
                               :   Submitted: November 14, 2017
Gregory F. Bryant,             :
                Appellant      :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE J. WESLEY OLER, JR., Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  December 28, 2017**


Gregory F. Bryant (Bryant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), dated October 18, 2016.  The trial court dismissed Bryant's summary appeal due to his failure to appear at an October 18, 2016 *de novo* hearing.  We now vacate and remand.

On April 20, 2016, a magisterial district judge (MDJ) found Bryant guilty of four municipal code violations relating to a dilapidated building Bryant owned.  The MDJ imposed a fine of $50,000, plus costs.  Bryant timely appealed the convictions, and the trial court scheduled a hearing for June 7, 2016.  The trial court continued the hearing until July 12, 2016, to allow Bryant an opportunity to secure the services of a contractor or obtain a contractor's license himself to abate the violations.

On July 12, 2016, Bryant appeared for trial and presented a contractor's license to the trial court. The trial court issued a ninety-day continuance to allow Bryant to perform the necessary repairs to abate the four municipal code violations.

The trial court held a *de novo* hearing on October 18, 2016, at which Bryant failed to appear. (Reproduced Record (R.R.) at 1a-2a.) At the outset of the hearing, the clerk stated that Bryant had not contacted the trial court in regards to his absence, and the trial court proceeded with the hearing in Bryant's absence. (*Id.* at 2a.)

During the hearing, the trial court questioned the Commonwealth about the "high" fine imposed below. (*Id.* at 2a-4a.) Counsel for the Commonwealth informed the trial court that "the $50,000 [fine was] to get [Bryant's] attention" in regards to the dilapidated state of the building. (*Id.* at 2a.) Bryant received a fine of $12,500 for each of the four violations. (*Id.* at 4a.) Counsel for the Commonwealth also stated that the fine could have been much higher, as Bryant faced fines of $1,000 per day for each violation. (*Id.*) Counsel for the Commonwealth then notified the trial court that Bryant had abated three of the four violations and asked the trial court to uphold the remaining $12,500 fine for the remaining violation. (*Id.* at 4a-5a.) The trial court upheld the remaining violation but reduced the fine to $7,500. (*Id.* at 5a.) The trial court then dismissed Bryant's appeal. (*Id.*)

The trial court issued a "form" order, in which it checked two boxes. The first box stated that Bryant was adjudged to be not guilty on the three violations Bryant previously abated. (*Id.* at 9a.) The second box provided: "Defendant failed to appear. Appeal is dismissed and judgment is entered on the judgment of the issuing authority pursuant to Pa. Rules of Criminal Procedure 462(d)." (*Id.*) Thereafter, Bryant filed the instant appeal.

2

The trial court subsequently issued an opinion pursuant to Pa. R.A.P. 1925, which provided:

> This is a *de novo* Summary Appeal by Defendant, Gregory F. Bryant, Jr., for four (4) violations of the City of Pittsburgh Code Ordinances: Section LO T10 304.7—maintenance of roof drains, gutters and downspouts (2 counts); LO T10 307.2—debris throughout the property and LO T10 304.6—exterior walls shall be maintained. Defendant was cited on March 11, 2016, and was found guilty on April 20, 2016.
>
> The Summary Appeal Hearing was conducted on October 18, 2016, before this Court. At that time, the Defendant failed to appear. Defendant did not contact the Court in any manner, on the day of his scheduled trial. In his absence, judgment was entered on the judgment of the issuing authority, pursuant to Pa. Rules of Criminal Procedure 462(d).
>
> Defendant was imposed a fine in the amount of $7,500, plus all applicable costs. Accordingly, the appeal was dismissed.

(Tr. Ct. Slip Op. at 1.)

On appeal,[1] Bryant argues that the trial court erred as a matter of law in dismissing his appeal. Specifically, Bryant argues that the trial court's order should be vacated, because the trial court failed to make a determination as to whether Bryant had good cause for his absence. We agree.

Pennsylvania Rule of Criminal Procedure 462 governs trials *de novo* following the appeal of a summary conviction. Rule 462 states, in pertinent part:

---

[1] This Court's review of a trial court's determination on appeal from a summary conviction is limited to determining whether there has been an error of law or whether competent evidence supports the trial court's findings. *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1262 n.2 (Pa. Cmwlth. 2002).

3

**Rule 462. Trial *De Novo***

(A)　When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

　　. . . .

(D)　If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa. R. Crim. P. 462.　The Comments to the Rule provide:　"Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal *when the judge determines that the defendant is absent without cause from the trial de novo.*" Pa. R. Crim. P. 462, cmt. (emphasis added).　Before a summary appeal may be dismissed, therefore, "the trial court must ascertain whether the absentee defendant had adequate cause for his absence." *Cmwlth. v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013) (*Dixon*).　Failure to do so constitutes reversible error.　*Cmwlth. v. Mesler*, 732 A.2d 21, 25 (Pa. Cmwlth. 1999).　In the event that good cause is established, the defendant is entitled to a new trial.　*Cmwlth. v. Marizzaldi*, 814 A.2d 249, 252-53 (Pa. Super. 2002) (*Marizzaldi*).

　　In *Dixon*, the Superior Court expounded on the problem presented by dismissing appeals of summary convictions without an inquiry as to the defendant's cause for nonappearance.　The Superior Court observed:

　　The problem that arises in these types of cases is that, for a quite obvious reason trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause:　the person who could offer cause for the absence is the absent defendant himself.　In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence.　Moreover, pursuant to Pa. R. Crim. P. 720(d), a defendant in a summary appeal case is not

4

permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa. R. Crim. P. 462 in the first instance.

*Dixon*, 66 A.3d at 796-97.

Here, the hearing transcript reveals no inquiry as to Bryant's whereabouts, merely the clerk stating that Bryant was not present and had not contacted the trial court. (R.R. at 2a.) Further, as detailed *supra*, the trial court's opinion makes no determination regarding the cause of Bryant's absence.[2]

With the foregoing in mind, a remand is necessary for a hearing to determine whether Bryant had good cause for his failure to appear at the October 18, 2016 hearing. Should the trial court determine Bryant had good cause for his nonappearance, the trial court must provide Bryant with a trial *de novo* on the merits. *Marizzaldi*, 814 A.2d at 252.

Accordingly, the order of the trial court is vacated, and the matter is remanded to the trial court for further proceedings.

---

P. KEVIN BROBSON, Judge

---

[2] Moreover, we note that the certified record provided to this Court does not contain any scheduling orders or notations that indicate Bryant received notice of the correct hearing date.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
        v.    :    No. 1808 C.D. 2016
   :
Gregory F. Bryant,    :
             Appellant    :

## **O R D E R**

AND NOW, this 28th day of December, 2017, the order of the Court of Common Pleas of Allegheny County is VACATED, and the matter is REMANDED to the trial court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

---
P. KEVIN BROBSON, Judge