J-A06005-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDY JONES, | |
| Appellant | No. 1000 WDA 2017 |

Appeal from the Order Entered July 5, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000709-2017

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED APRIL 24, 2018**

Appellant, Brandy Jones, appeals *pro se* from the order dismissing her summary appeal from a $25.00 fine for harassment, 18 Pa.C.S. § 2709(a)(1). After careful review, we affirm.

The facts of the underlying offense are not germane to this appeal.  On December 19, 2016, the Commonwealth charged Appellant with harassment in a non-traffic citation.  Appellant entered a not-guilty plea on December 27, 2016.[1]   On April 6, 2017, the Honorable Jeffrey A. Manning, President Judge of the Court of Common Pleas of Allegheny County, sitting as the magisterial district judge that day, found Appellant guilty.  Appellant filed a timely, *pro se*

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] To the extent that Appellant interacted with the lower courts in this matter, she did so *pro se*.

notice of summary appeal on April 17, 2017. Appellant's trial *de novo* was scheduled for July 5, 2017; however, Appellant failed to appear. Consequently, the Honorable Thomas E. Flaherty, the summary appeals division judge, dismissed Appellant's summary appeal, and entered judgment on the prior judgment by Judge Manning, which consisted of a $25.00 fine, in addition to court costs. **See** Pa.R.Crim.P. 462(D) ("If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority."); **see also** N.T., 7/5/17, at 2.

Appellant filed a timely notice of appeal on July 10, 2017. Judge Flaherty did not request a Pa.R.A.P. 1925(b) statement, but he did issue a Rule 1925(a) opinion on August 8, 2017. Appellant now presents the following question for our review, *verbatim*:

> I was assaulted and harassed on the date in question.
>
> This is why I am appealing the charges against me.
>
> Attached is a letter from Leonora C. Smith,[2] stating a request to drop all charges which have falsely put on me Brandy L. Jones on the date in question.
>
> Brandy Jones and Leonora C. Smith both would like for the issue to be resolved.
>
> Attached is a copy of her request.

Appellant's Brief at 3 (unnumbered pages).

---

[2] Ms. Smith was the victim who was the subject of Appellant's harassment conviction.

- 2 -

> Our standard of review from an appeal of a summary conviction following *de novo* trial is whether there was an error of law or whether the findings of the court are supported by the record. ***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002). The trial court's verdict will only be disturbed if there was a manifest abuse of discretion. ***Id.***

***Commonwealth v. Akinsanmi***, 55 A.3d 539, 540 (Pa. Super. 2012).

As is apparent from Appellant's statement of the question presented, she seeks to challenge her conviction for harassment on the merits. However, in her brief, she makes no effort to explain why she was not present at the July 5, 2017 trial *de novo*, which resulted in the dismissal of her summary appeal. At oral argument, Appellant indicated that, on the date in question, she notified the court that she was unable to attend due to physical disability; however, she was unable to recall the name of the court official to whom she spoke, and nothing in the record supports her bald assertion.

> When a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper. ***Commonwealth v. Slomnicki***, 773 A.2d 216, 218 (Pa. Commw. 2001). Conversely, when good cause for the absence is shown, a new trial should be granted. ***See Marizzaldi***, 814 A.2d at 251, 253 (where appellant arrived ten minutes late due to missing bus and tardiness was not voluntary, appellant should have been given opportunity to present case); ***Commonwealth v. Mesler***, 732 A.2d 21, 25 (Pa. Commw. 1999) (where appellant's counsel was present and represented that appellant was on way, appeal should not have been dismissed); ***Commonwealth v. Doleno***, 406 Pa.Super. 286, 594 A.2d 341, 343–44 (1991) (where appellant's attorney told [the] appellant [a] wrong date, absence was not voluntary; good cause shown).

***Akinsanmi***, 55 A.3d at 540–41.

Instantly, Appellant's physical disability might have demonstrated good cause that her absence from the July 5, 2017 trial *de novo* was involuntary.

However, there is no indication in the record that she conveyed the excuse for her absence to the summary appeals court. To the contrary, the summary appeals court states that Appellant "did not contact the [c]ourt in any manner, on the day of her scheduled trial." Summary Appeals Court Opinion, 8/8/27, at 1 (single page); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, we are compelled to conclude that the lower court did not abuse its discretion, manifestly or otherwise, by dismissing Appellant's summary appeal due to her failure to appear for her scheduled trial date.

Order *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2018