J-S83008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
PHILLIP CHIPPIE :
:
Appellant : No. 389 WDA 2018

Appeal from the Judgment of Sentence February 14, 2018
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-SA-0000078-2016

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.: **FILED JUNE 19, 2019**

Phillip Chippie appeals from the order finding him guilty of violating a Windber borough ordinance, at a *de novo* hearing in the Court of Common Pleas of Somerset County. This decision followed his previous conviction in magisterial district court. Chippie challenges the weight of the evidence. We affirm.

On November 18, 2016, the magisterial district court found Chippie guilty of violating Windber Borough Ordinance 2012-5.[1] Chippie timely appealed to Common Pleas Court. The court granted Chippie multiple continuances to enable him to comply with the ordinance. Finally, on February

---

[1] Ordinance 2012-5 prohibits, *inter alia*, the accumulation, or deposit of items or articles defined as junk or trash on a private premise visible from a private way or adjoining properties. **See** Trial Court Opinion, 8/23/18, at 1.

14, 2018, after a hearing on February 2, 2018, the trial court again found Chippie guilty of violating the ordinance. *See* Order, 2/14/18. The court's decision was based on testimony at trial, and various photographs entered into evidence without objection, including some taken immediately before trial. The photographs showed numerous items of debris (along with some other items of arguable value) still strewn across Chippie's property. The trial court sentenced Chippie to pay the costs of prosecution, the costs of the appeal to the trial court, and a fine of $250.00. *See* Order, 2/14/18.

Chippie timely appealed to this Court. In this appeal, Chippie challenges the weight of the evidence.[2] *See* Appellant's statement of errors, 7/20/18, at II, 9(a) (at unnumbered page two); *see also* Pa.R.A.P. 1925(b). The trial court filed a statement in accordance with Rule 1925(a). *See* Trial Court Opinion, 8/23/18; *see also* Pa.R.A.P. 1925(a).

Chippie presents one question for our review on appeal:

I. Whether the trial court erred in finding the Appellant guilty of the ordinance violation because the weight of the evidence did not support a finding of guilt?

Appellant's Brief, at 3.

---

[2] In his statement of errors, Chippie raised two additional issues. *See* Statement of [Errors], 7/20/18, at unnumbered page three. However, on appeal he fails to develop an independent argument for either issue. He continues to assert that he made substantial progress in removing items from his premises. *See* Appellant's Brief, at 7. However, he fails to develop a specific legal argument supported by pertinent authority. We deem both additional claims abandoned.

Our standard of review for an appeal from a summary conviction is well settled:

> Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion.

***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002) (citations and internal quotation marks omitted).

Chippie challenges the weight of the evidence supporting his conviction. We initially note that this challenge has been waived. It is well-settled that an appellant must preserve a challenge to the weight of the evidence with the trial court by raising it in a motion for a new trial. ***See Commonwealth v. Griffin***, 65 A.3d 932, 938 (Pa. Super. 2013). This can be presented in a written motion, before sentencing; orally, at sentencing; or in a post-sentence motion. ***See*** Pa.R.Crim.P. 607(A)(1)-(3).

We recognize that our case law has allowed review of weight challenges that were not initially presented to the trial court under circumstances similar to here. ***See Commonwealth v. Dougherty***, 679 A.2d 779, 784-785 (Pa. Super. 1996). However, this jurisprudence was abrogated when the rules of criminal procedure were re-numbered and amended on March 1, 2000. ***See Commonwealth v. Washington***, 825 A.2d 1264, 1266 (Pa. Super. 2003).

While Chippie was procedurally barred from filing a post sentence motion under Rule 720(D), this does not remove his responsibility to preserve

a weight challenge with the trial court through the other two methods permitted to raise a motion for a new trial. ***See id***. ("The present rule clearly requires that [a weight claim] be raised initially by a motion to the trial court"). Here, Chippie failed to raise his weight challenge before the trial court. Thus, he has waived this issue for our review.

Even if this argument was preserved, it would not merit relief.

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (citations omitted). Further,

[t]he essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review

- 4 -

applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

To successfully challenge the weight of the evidence, a defendant must prove the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017), *appeal denied*, 171 A.3d 1286 (Pa. 2017) (citations and internal quotation marks omitted).

On review of this appeal, we conclude that Chippie has failed to prove a manifest abuse of discretion by the trial court.  Chippie argues chiefly that "only items found to have no value can render a finding of guilt under the ordinance."  Appellant's Brief, at 7.  Chippie offers no pertinent authority in support of his mere bald assertion.  Instead, he maintains, self-servingly, that the things on his property "do have value[.]"  *Id.* at 10.

However, he fails to develop an argument in support of this claim, other than by noting he painted several items, such as pumpkin figurines, a statue of an owl and similar statuettes apparently used as decorative ornaments. *See* N.T. Trial, 2/02/18, at 32; *see also* Defendant's Exhibit A.[3]  He baldly

_____

[3] As Chippie notes, the transcript is incorrectly dated March 14, 2018, which post-dates both the trial and the order.  *See* Appellant's Brief, at 6.

asserts that he has made "substantial progress" in cleaning up the premises.[4] Appellant's Brief, at 7.

The trial court concluded that while Chippie had made efforts to comply with the ordinance by the removal of lumber and other items, the most recent photographs taken just before trial demonstrated that Chippie still had debris and numerous items in violation of the ordinance spread across the upper part of his property.

On independent review, we find that the trial court's conclusions are supported by the evidence of record, most notably the photographs taken immediately before trial, and admitted into evidence without objection, as well as the testimony of the borough code officer. *See* N.T. Trial, 2/02/18, at 18. The photographs confirm that even after Chippie's partial attempts at clean-up, portions of his property were still covered with numerous items of limited or questionable value, including bicycle parts, rain or snow soaked cardboard boxes, a rusting file drawer, random pieces of lumber, a wooden pallet, multiple barrels, buckets, baskets, and gasoline containers.

On appeal, Chippie maintains that because the trial court erred in not finding that the objects on his property do have value, we should reverse the decision of the court. *See* Appellant's Brief, at 10. However, Chippie

---

[4] Chippie also testified that his clean-up efforts were inhibited by several adverse medical conditions. *See* N.T. Trial, at 30-31.

misapprehends our standard of review. It is not our role to re-weigh the evidence presented to the trial court.

Rather, under our standard of review, appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. *See Windslowe*, 158 A.3d at 712. Here, we find no abuse of discretion, let alone a manifest abuse. Appellant's weight claim does not merit relief. The trial court concluded that even if some of the items scattered about the property did have some value, other items described by the testimony and shown by the photographs, did not. The court concluded "offending items remain[ed]" on the property. *See* Trial Court Opinion, at 3. The trial court properly applied the law, and its findings are supported by competent evidence. Its verdict does not shock the conscience of this Court. Accordingly, we will not disturb the adjudication of the trial court.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/19/2019