J-A20004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY RINGER | : | |
| | : | |
| Appellant | : | No. 1322 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 9, 2020
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-SA-0000155-2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:            **FILED: DECEMBER 22, 2021**

Harry Ringer appeals from the judgment of sentence entered in the Washington County Court of Common Pleas on November 9, 2020. After review, we reverse the judgment of sentence.

On March 14, 2019, Canton Township passed and enacted Ordinance 4-2019, "The Canton Township Renter Registration Ordinance of 2019" ("the Ordinance"). Of importance here, section 8(A) of the Ordinance requires every owner of a rental dwelling to pay a registration fee of $50 per rental unit and provide the township with a report of all current occupants of the owner's rental dwellings.

On February 4, 2020, the code enforcement officer for the township issued citations against Appellant for failure to comply with Ordinance for the 2019 year for three rental units.

Approximately two weeks later, Appellant entered a plea of not guilty. On April 16, 2020, Appellant and the code enforcement officer appeared for a hearing in front of the magisterial district judge. However, the court continued and rescheduled the hearing after the code enforcement officer agreed to give Appellant a thirty-day extension to comply with the ordinance. The code enforcement officer agreed to withdraw the citations if Appellant complied. Appellant did not comply within the thirty days.

However, on July 29, 2020, Appellant went to the township's municipal building and submitted a check[1] to the township in the amount of $150 with a note that stated, "Windfall for Canton Township."

A few days later, on August 6, 2020, the rescheduled hearing was held. Appellant did not appear. Accordingly, the district court found Appellant guilty of three counts of failing to submit a rental occupancy report pursuant to the Ordinance. Appellant filed a timely appeal from his summary conviction.

On November 9, 2020, a *de novo* hearing was held by the trial court at which Appellant and the code enforcement officer both testified. The code enforcement officer testified that he issued citations against Appellant in February 2020. He admitted the citations did not state whether they were for

_____

[1] While a copy of the check was included in the reproduced record, it appears no such copy was included in the certified record. However, the Commonwealth does not contest the existence of the check/payment; it only contests what year the check/payment applied to. Accordingly, we do not find the check's absence from the certified record hampers our review.

2019 or 2020. He further admitted that at the April 2020 hearing he told Appellant he would withdraw the charges if Appellant paid the $150 owed.

The code enforcement officer acknowledged Appellant presented himself to the township to pay $150, but asserted that the payment was for 2020, and that it only covered "a portion" of the citations. N.T., 11/9/2020, at 15. However, he then went on to state that Appellant was told at the April 2020 hearing that he needed "to do the 2019." *Id*. at 17. The code enforcement officer testified there was still time left in 2020 to file 2020 charges and that action would not be taken on such charges until February of 2021. *See id*. at 16-18. Finally, the code enforcement officer admitted he looked into Appellant's payment but nevertheless did not cancel the continued hearing. *See id*. at 19. He admitted that despite knowing of the payment, he did not re-notice Appellant or tell him that he believed Appellant had paid incorrectly. *See* id. at 19-20.

Appellant testified that on July 28, 2020, he went to the Canton Township building and submitted a list of his tenant's names and addresses, as well as a check for $150. *See id*. at 24-25. He believed at that point that the charges would be withdrawn and that he did not have to show up for the rescheduled hearing. *See id*. at 25. Appellant admitted that he never contacted the code enforcement officer or the court to notify them about the payment, check if the citation had been withdrawn, or ask about the rescheduled hearing. *See id*. at 32. He stated that when he submitted the

check, he told the treasurer he was there to pay for the citation charges that the code enforcement officer had directed him to pay and they accepted payment. *See id*. at 37. Accordingly, he believed that his citations would be withdrawn upon payment and compliance with the code enforcement officer's directive. *See id*. at 25.

After hearing from both parties, the court found Appellant guilty of three counts of failing to submit a rental occupancy report. Appellant subsequently filed a petition for reconsideration and post-trial motions. This timely appeal followed.

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." *Commonwealth v. Marizzaldi*, 814 A.2d 249, 251 (Pa. Super. 2002) (citation omitted).

In his first issue, Appellant argues the trial court erred in its application of the law to the facts by finding him guilty when he had paid and complied with the code enforcement officer's directive to pay the registration fee. We agree.

The evidence at the *de novo* hearing cannot support a reasonable inference that when Appellant went to the township and submitted a check for $150, it was for compliance with the calendar year 2020. Instead, the only

reasonable inference from the testimony at the *de novo* hearing is that Appellant was paying the required fee for the 2019 citations.

The code enforcement officer admitted that Appellant was told at the April 2020 hearing that he needed "to do the 2019." N.T., 11/9/2020, at 17. Simply looking at the record from a logical standpoint, it is perplexing why Appellant's payment would be imputed to the ordinance fee for the 2020 year without any indication or evidence that it was for 2020, when it was clear that he had an outstanding citation for the previous year that he had specifically been directed to pay. In the absence of evidence of a contrary intent, the only reasonable inference is that Appellant intended to pay the overdue 2019 levy. The decision to impute the payment to 2020 is further perplexing considering that by the code enforcement officer's own testimony, Appellant still had until the end of the year to pay the ordinance fee for 2020. ***See id***. at 16.

As we conclude the findings of fact are not supported by the evidence of record, we reverse the judgment of sentence.[2]

Judgment of sentence reversed.

---

[2] We note Appellant's last two issues allege trial court error in finding him guilty based on challenges to the citation itself. Specifically, Appellant argues the citations did not indicate what year the violation occurred and therefore he had no notification whether the citations were for 2019 or 2020. Due to our disposition, we need not reach this issue.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2021