J-S42035-25

2026 PA Super 4

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRIAN KEITH DEVILBISS | : | |
| | : | |
| Appellant | : | No. 478 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 5, 2025
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-SA-0000002-2025

BEFORE:  OLSON, J., KING, J., and LANE, J.

OPINION BY LANE, J.:                              **FILED JANUARY 08, 2026**

Brian Keith Devilbiss ("Devilbiss") appeals from the judgment of sentence imposed following his summary conviction for operating a prohibited vehicle on streets or highways.[1]  We affirm.

The relevant factual and procedural history underlying this appeal is undisputed.  On October 26, 2024, Devilbiss was operating a quadricycle on a public highway in Northumberland County, Pennsylvania, when he was stopped by law enforcement and issued a citation pursuant to section 7721(a), which prohibits the operation of an ATV on public roadways.  Devilbiss contested the citation.  Following a hearing, the local magisterial district court judge found Devilbiss guilty of the summary offense and imposed fines.  Devilbiss timely appealed his summary conviction to the Court of Common Pleas of Northumberland County.

---

[1] *See* 75 Pa.C.S.A. § 7721(a).

The trial court conducted a summary appeal hearing on March 4, 2025, at which the parties stipulated that Devilbiss was operating an off-road vehicle on a Pennsylvania highway at the time of the incident. The parties further stipulated that the quadricycle had Montana plates and was owned by and registered to a limited liability company in Montana. Defense counsel argued that because the quadricycle was registered in Montana, Devilbiss was permitted to operate it on Pennsylvania roadways pursuant to section 1303 of the Motor Vehicle Code. The Commonwealth countered that section 1303 pertains solely to registration requirements for nonresident owners of foreign motor vehicles, and is inapplicable to restrictions on the types of vehicles that may be operated on Pennsylvania streets and highways. The trial court took the matter under advisement. On March 5, 2025, the trial court entered an order affirming the summary conviction under section 7721(a). Devilbiss filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.[2]

_____

[2] The trial court indicated that although Devilbiss filed a concise statement pursuant to the trial court's Rule 1925(b) order, he nevertheless failed to serve the trial court judge with a copy of the concise statement. **See** Trial Court Opinion, 7/15/25, at 1 n.1. However, our review of the Rule 1925(b) order reflects that it failed to appraise Devilbiss of "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." **See** Pa.R.A.P. 1925(b)(3)(iii). Thus, due to these deficiencies in the Rule 1925(b) order, we decline to find waiver of Devilbiss' issues based on his failure to serve a copy of the concise statement on the trial court judge. **See Berg v. Nationwide Mut. Ins. Co., Inc.**, 6 A.3d 1002, 1011 (Pa. 2010) (plurality) (holding that when a trial court's order fails to
*(Footnote Continued Next Page)*

Devilbiss raises the following issue for our review: "Did the summary appeal court err in denying [Devilbiss] relief regarding his summary conviction under [section] 7721(a) when [he] was entitled to operate his motor vehicle on Pennsylvania roadways as a matter of law under [section] 1303?" Devilbiss' Brief at 6 (unnecessary capitalization omitted).

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." ***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002) (citation omitted). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Id***. (citation omitted).

Statutory interpretation is a question of law, therefore our standard of review is *de novo*, and our scope of review is plenary. ***See Commonwealth v. Hall***, 80 A.3d 1204, 1211 (2013). "In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq.*, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." ***Commonwealth v. McCoy***, 962 A.2d 1160, 1166 (Pa. 2009) (citation omitted). Generally, a statute's plain language provides the best indication of

comply with Rule 1925(b)(3), the waiver provisions of Rule 1925(b)(4)(vii) do not apply).

- 3 -

legislative intent. *Id*. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. *Hall*, 80 A.3d at 1211.

Section 7721 prohibits the operation of certain vehicles on Pennsylvania a streets and highways and provides that "[e]xcept as otherwise provided in this chapter, it is unlawful to operate a snowmobile or an ATV on any street or highway which is not designated and posted as a snowmobile or an ATV road by the governmental agency having jurisdiction." 75 Pa.C.S.A. § 7721(a).

Section 1303 pertains to registration requirements and exempts from registration certain foreign vehicles owned by nonresidents of Pennsylvania. Section 1303 provides, in pertinent part, as follows:

> (a) General Rule. - A nonresident owner of any foreign vehicle may operate or permit the operation of the vehicle within this Commonwealth without registering the vehicle in this Commonwealth or paying any fees to the Commonwealth, provided the vehicle at all times when operated in this Commonwealth is duly registered and in full compliance with the registration requirements of the place of residence of the owner . . ..

75 Pa.C.S.A. § 1303(a).[3]

Devilbiss concedes that he was driving an ATV on a public roadway in violation of section 7721(a). He nevertheless contends that his "vehicle falls under the ambit of Pennsylvania's reciprocity statute, [section] 1303, which authorizes the operation of ***ANY*** foreign vehicle on Pennsylvania roadways, so long as the vehicle is validly registered in the foreign jurisdiction and in full compliance with the registration requirements of said foreign jurisdiction." Devilbiss' Brief at 10-11 (emphasis in original). Devilbiss asserts that "the plain language of the statute indicates that any properly registered vehicle from a foreign jurisdiction may be operated within the Commonwealth." ***Id***. at 12. Devilbiss further asserts that "[s]ection 1303 does not require that the registered foreign vehicle be of any specific type or class of vehicle." ***Id***.

According to Devilbiss, "the provisions of [s]ection 1303 are a broad grant of legality for the operation of foreign vehicles upon the roadways of the Commonwealth." ***Id***. at 13. Devilbiss insists that "such grant of legality is bereft of any requirement that the operation of foreign vehicles be limited to those classes of vehicles recognized by the Commonwealth as capable of general registration. The only exceptions to the broad grant of legality are for business[-]related scenarios." ***Id***. at 13-14. Devilbiss argues that because

---

[3] Section 1303(a) provides certain exceptions not herein relevant, such as when the foreign vehicle is being used for commercial purposes or for hire. ***See*** 75 Pa.C.S.A. § 1303(a)(1)-(4).

the quadricycle was owned by a Montana-based LLC, validly registered in Montana, and in full compliance with Montana registration requirements, the apparent conflict between section 7721(a) and section 1303(a) should be resolved in his favor.

The trial court considered Devilbiss' issue and determined that it lacked merit. The court reasoned:

> [Devilbiss'] reliance on [section] 1303 as a defense or excuse for violating the above cited traffic code section is misplaced and erroneous. Section 1303 speaks to the registration requirements of a foreign vehicle; it does not speak to permitting or allowing a driver of a foreign vehicle, such as an ATV, to drive said vehicle in an area that it is not otherwise permitted to do so by local law or ordinance.

Trial Court Opinion, 7/15/25, at 1 n.1.

Based on our review, we discern no error of law or abuse of discretion by the trial court in reaching its determination that section 1303 is inapplicable to the instant matter. As explained above, a statute's plain language provides the best indication of legislative intent, and this Court will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable. **See McCoy**, 962 A.2d at 1166. Here, the language of section 1303 is clear and unambiguous, and reflects that the intention of the General Assembly was to regulate, with respect to foreign vehicles, **when** there is a requirement for "**registering** the vehicle in this Commonwealth or **paying any fees** to the Commonwealth." 75 Pa.C.S.A. § 1303(a) (emphasis

added).  A plain reading of section 1303 indicates that when a "foreign vehicle" is "duly registered and in full compliance with the registration requirements of the place of residence of the owner," the nonresident owner of the foreign vehicle is not required to **register** the vehicle or **pay any fees** to the Commonwealth.  **Id**.  Conversely, the clear import of section 1303 is that, when a foreign vehicle is **not** "duly registered and in full compliance with the registration requirements of the place of residence of the owner," then the nonresident owner must **register** the vehicle and **pay fees** to the Commonwealth.  **Id**.  We decline Devilbiss' request to expand the language of section 1303 beyond its clear and plain terms so as to permit the operation of any foreign vehicle on any Pennsylvania street or highway so long as the vehicle is registered elsewhere.  Thus, as we discern no abuse of discretion or error of law by the trial court in its interpretation of section 1303, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/08/2026