J-S71014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERONIMO ROSADO | : | |
| | : | |
| Appellant | : | No. 2402 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 23, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-SA-0000053-2019

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED APRIL 06, 2020**

Geronimo Rosado appeals *pro se* from his judgment of sentence of a

$500.00 fine, imposed after he was convicted of the summary offense of

driving while under a license suspension.[1] After thorough review, we affirm,

finding all issues waived.

---

[1] Preliminarily, we examined whether Appellant was entitled to counsel in the proceedings below and on appeal, a question we may raise *sua sponte*. **See Commonwealth v. Johnson**, 158 A.3d 117 (Pa.Super. 2017) (acknowledging that we will address *sua sponte* whether an appellant was entitled to counsel and/or whether that right was properly waived). For a summary offense, a defendant is entitled to counsel if "there is a reasonable likelihood of a sentence of imprisonment or probation." Pa.R.Crim.P. 454. Appellant was originally charged with driving under suspension, DUI-related, pursuant to 75 Pa.C.S. § 1543(b)(1), found guilty of that offense by the district justice, and sentenced to sixty days of imprisonment and a fine. Arguably, he was entitled to counsel at that proceeding because there was a reasonable likelihood of a sentence of imprisonment upon a finding of guilty of that

Appellant was arrested on July 31, 2018, for driving with a suspended license, DUI-related.[2] *See* Traffic Citation, 7/31/18. Prior to the hearing, the district justice appointed the Office of the Public Defender to represent Appellant, and directed Appellant to meet with counsel that afternoon to secure representation. The record indicates that no counsel entered an appearance for Appellant. On January 11, 2019, Magisterial District Judge Bret M. Binder found Appellant guilty of the charged offense, and sentenced him to sixty days of imprisonment and a $500 fine. *See* Order Imposing Sentence, 1/11/19.

On February 6, 2019, Appellant filed a summary appeal to the court of common pleas. *See* Summary Appeal Docket. On the day of trial, the court approved the Commonwealth's request to amend the charge to driving while operator's privilege suspended or revoked pursuant to 75 Pa.C.S. § 1543(a).

_____

offense. However, Appellant appealed, and on the morning of the summary appeal trial *de novo*, the Commonwealth successfully moved to amend the charge to a violation of § 1543(a), driving while operator's privilege suspended or revoked, which carries no penalty of imprisonment. The trial court found Appellant guilty of that offense and imposed a fine. Based on the charge as amended, we find that Appellant was not entitled to counsel at trial or in this appeal.

[2] The specific facts giving rise to the charge are unavailable. The proceeding at the magisterial district court was not recorded, as is generally the procedure. The certified record does not contain the notes of testimony from the *de novo* trial that is the subject of our review because Appellant did not order the transcript.

Following the trial *de novo* on July 23, 2019, the court found Appellant guilty of the charge as amended, and sentenced him to pay a $500 fine.

Appellant timely appealed to this Court and was ordered by the trial court to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed a rambling concise statement comprising sixteen pages, prompting the trial court to conclude in its September 20, 2019 opinion that all issues were waived because Appellant did not properly raise them. *See* Trial Court Opinion, 9/20/19, at 2.

Appellant filed his brief in this appeal, and the Commonwealth moved to quash the appeal for two reasons: Appellant did not order the transcript of the proceedings below and, his Rule 1925(b) concise statement was too vague to preserve any issues. This Court denied the motion on November 3, 2019, without prejudice to the Commonwealth to pursue these contentions with the merits panel.

Appellant presents one issue for our review:

1. Whether the trial court abused its discretion by allowing malicious prosecution to present a defense under the provisions of Title 75.1543 (A). Uniform Commercial Driver's Act, pursuant (1) Pa.75.Title. 1501(Drivers to Licensed) without (2). Pa. 75, Title. 1540. (Surrender of Driver's License) in effect, in subsequent connection to (3).Pa. 75. Title. 1510. At (e). Use of Identification Card, to deny sui-juris to present an effective (3). Three prong defense, and pursuant to Pa.75.Title. 1510 (e). In pertinent part; (( It shall be a defense to the prosecution under this subsection that the person was not presented with notice of the provisions of this subsection)). And following a 1543 (b). Citation that the Commonwealth failed to state a prima facie case to impose a guilty verdict and fine of $500 of a 1543(a).?

Appellant's brief at 7. Generally, the argument portion of Appellant's brief relates to his contention that Title 75, and statutes enacted in the name of public safety, violate the Fourteenth Amendment right to travel, in effect, "converting the exercise of a Constitutional Right into a crime." Appellant's brief at 11.

Our standard of review from the judgment of sentence in a summary case is well settled:

> Our standard of review from an appeal of a summary conviction heard de novo by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion.

*Commonwealth v. Marizzaldi*, 814 A.2d 249, 251 (Pa.Super. 2002) (internal citations and quotation omitted).

On appeal, the Commonwealth urges this Court to affirm Appellant's conviction because he failed to properly raise any issues in his non-conforming *pro se* brief. Commonwealth's brief at 4. The Commonwealth also maintains that Appellant's failure to supply the reviewing court with a record of his trial gives this Court nothing to review. *Id*.

Preliminarily, we note that Appellant does not indicate where he preserved below the issue he now raises on appeal, as required by Rule 302. Issues not raised below are waived on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time

on appeal."). Nor did he identify this precise issue in his sixteen-page Rule 1925(b) concise statement. The closest he came was an allegation that "[t]he trial court erred when Robert J. Shenkin abused its discretion enforcing Title 75. In contrary to the Constitution which violates inalienable rights." Appellant's Concise Statement of Errors Complained of on Appeal, 9/13/19, at 13. The trial court was unable to ascertain from the latter statement the gist of Appellant's claim of error.

We have held that a concise statement that is too vague to allow the trial court to understand the issues raised on appeal is the functional equivalent of no concise statement at all and preserves no issues for review. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa.Super. 2001). The purpose of the rule is to "aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." *Id*. at 686. Here, due to the vague nature of Appellant's Rule 1925(b) concise statement, the trial court was unable to provide this Court with any insight as to this issue.

Finally, even if Appellant's claims were not waived for the foregoing reasons, his brief does not contain coherent, well-reasoned, argument in support of his constitutional challenge to Title 75. As the Commonwealth correctly notes, "[i]t is an appellant's duty to present arguments that are sufficiently developed for appellate review." Commonwealth's brief at 7 (quoting *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006). Appellate courts do not act as counsel and develop arguments for an appellant.

***Gould***, ***supra*** at 873.  While we are willing to liberally construe filings of a *pro se* litigant*, pro se* status does not confer any special benefit upon an appellant.  ***See Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003).  The deficiencies in Appellant's argument impede meaningful appellate review.

For all of the foregoing reasons, we find Appellant's issues waived for purposes of this appeal.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/6/2020*